540 APPELLATE COURTS OF ILLINOIS.

Wickizer-McClure Co. v. Bermingham & Seaman Co., 151 Ill. App. 540.

---

The Wickizer-McClure Company, Plaintiff in Error, v. Bermingham and Seaman Company, Defendant in Error.

### Gen. No. 14,590.

1. TRIAL—*effect of discharge of jury.* When a jury has returned its verdict, it may again retire to reconsider it, but this cannot be done after the separation and discharge of the jury from consideration of the case.

2. TRIAL—*when improper re-submission to jury will not reverse.* However erroneous the action of the court may be in permitting the jury to reconsider and correct a verdict rendered after they have separated, the court will not· reverse unless there are some merits to the case.

*Assumpsit.* Error to Municipal Court of Chicago; the ·Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed November 19, 1909.

ADAMS & FROEHLICH, for plaintiff in error.

HENRY C. ADAMS, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

Plaintiff sued for $317.24, a balance due for goods sold and delivered. Defendant sought to recoup for breach of warranty. The jury returned a verdict for $43.77. They were sent to the assignment room. In the hall, plaintiff's attorney questioned them in the presence of a representative of defendant's attorney, whereupon about half of the jury returned to the court room. The judge was told that the verdict was erroneous, that it was for the amount to be deducted from plaintiff's claim instead of for the balance due after such deduction. Thereupon the court instructed them to return the next day and on the opening of court, after they had unanimously stated on being then polled that the original verdict had not been and was not their verdict, over objection the court permitted them to retire and bring in another verdict. The second verdict was for the net balance, $273.47, after deducting the amount of the first verdict, $43.77, from plaintiff's claim of $317.24. We disapprove of the procedure here adopted. When the jury had returned its verdict, it could have been polled, and could again have retired to reconsider it; but this could not be done after the separation and discharge from the consideration of the case. Rigg v. Cook, 4 Gilman, 336, at 346, 352. But however erroneous the action of the court was in permitting the jury to reconsider and correct the verdict rendered, after they had separated, the court will not reverse unless there are some merits to the defense. The defendant concedes that this is the correct rule.

On a suit for goods sold and delivered, recoupment of damages for breach of warranty may be allowed without a bill of particulars. Municipal Court Act, section 48, clause 2, requires such a bill of particulars, only for a set-off or counterclaim, but it has no reference to recoupment, by virtue of which the claim of plaintiff could only be reduced, but on the basis of

which, unlike a set-off or counterclaim, no judgment for damages could be rendered in favor of defendant.

Is there then any basis for defendant's claim of recoupment over and above the amount of $43.77 allowed by the verdict?

The evidence offered showed that the transaction originated in an order as follows:

"The Wickizer-McClure Co.

Argos, Ind., July 18, 1907.

Bermingham Seaman Co.,
 Chicago, Ill.

Ship Via ................ When At Once.
Please furnish us with the following Price.

62 Rms. 42 x 60 144 No. 2 White Enamel Mill 106 at $5.75 per cut F. O. B. Argos Ind. Shipment within not less than 2 weeks. Advise amount bill and will mail check immediately overrun not exceed 5%.

As per your quotation of 7-18 1907.

Please acknowledge receipt of this order and state date of delivery.

   The Wickizer-McClure Co.
    By Brooks Estell,
     Manager."

to which the following reply was sent:

"Bermingham & Seaman Co.

1220 to 1226 Tribune Bldg.
    July 18, 1907.

Wickizer-McClure Co.,
 Argos, Ind.

Gentlemen:

Referring to your order received this a. m. through Mr. Estell, we beg to state that we have this day sent same to our mill to manufacture 62 reams 144 No.—42 x 60 No. 2 White Enamel, price 5 3-4c. f. o. b. Argos, amounting to $513.36, less 3% for cash.

In accordance with our understanding you are to mail us a check for this amount, and will take care of any over-run up to and including 5%.

Thanking you very kindly for the order, and assuring you we will use our best endeavors to get it to you at specified time, we are

Yours very truly,
BERMINGHAM & SEAMAN Co.
W. Pa Dalford.''

Pad—M. P.''

July 29 plaintiff wrote defendant that they were advised by the mill that the paper would go forward that day. On August 6 a similar letter was written and subsequently on the 7th, 8th and 9th defendant wired urging plaintiff to trace the goods. They were finally received on August 12. Defendant complained at once about the quality and sizes, adding: "Of course we will accept it. We are obliged to accept it, as our presses have been standing idle for over a week waiting for it, but not without charging you with our loss on the transaction, which will be something over $100.00, possibly as high as $200.00.

Plaintiff answered as follows:

"August 13th, 1907.

WICKIZER-MCCLURE Co.,

    ARGOS, IND.

Gentlemen:

Replying of the August 12th, we beg to state that if this stock is cut the wrong size and is not what you ordered in every respect, we do not wish you to accept it at all, and if you use same will insist upon full payment at the price which it was sold to you. We do not want you to use it at all if it is not as represented and will accept no charge against us for any loss you may incur in the transaction. We did not guarantee exact date of delivery."

On the 14th defendant answered:

" * * * you understand that we are obliged to deliver the job this stock was bought for, and you are running very little risk in making this statement. * * * You are correct in your statement that you did not guarantee exact date of delivery, but on July 29th you wrote that you were shipping that day, and on this information we calculated that we would receive it

544 APPELLATE COURTS OF ILLINOIS.

Wickizer-McClure Co. v. Bermingham & Seaman Co., 151 Ill. App. 540.

in time. You did not ship for several days after this. * * * ''

To which plaintiff replied on the 15th:

" * * * in using this stock you are doing so against our will, if it is not what it should be and as stated in our previous letter, we will not accept settlement for any loss which you may incur. As we previously stated, we did not guarantee date of delivery. * * * *

"We certainly are not concerned in any penalty or loss which you may suffer and, under the circumstances, cannot see how you can think for a minute of deducting anything whatever. * * * ''

On September 12th defendant wrote:

" * * * You accepted the order for the enameled stock on condition that it was to be shipped within two weeks, which it was not, and furthermore you represented to us on the 29th of July that you were shipping it that day. You were the cause of the delay, very evidently, and we see no reason why you should not stand the loss.

"Your representative represented that the books would weigh a certain number of ounces, and we were to an expense of $120.00 on this score, and this we have charged to you. * * * ''

Defendant claimed in addition to $32.50 damages on a former transaction, $117.90 for difference between the alleged market value of the paper delivered and the contract price, and $15 a day for four days' delay in shipment.

Its witnesses testified that it was under a time contract for printing this lot of paper into catalogues which were not to exceed 9½ ounces in weight; that at the time of purchase plaintiff stated to defendant's buyer that the paper in question would make a book weighing 9½ ounces; that in fact it weighed so much more that the mailing cost was increased $120.

There is not a word of evidence that plaintiff was advised at the time of the purchase that defendant was under a time contract or under a guaranty of weight

contract. Moreover it is to be observed that in defendant's letter of July 18th it said, "assuring you that we will use our best endeavors to get it to you at specified time." This was a distinct refusal to agree to the two weeks' limit as being of the essence of the contract, and therefore if the letters constituted the contract, as both parties claim, time was not of the essence. Even if it had been, there is no proof in the record but that the goods were shipped within two weeks of the date of the order, and that the delay was on the part of the railroad.

The goods were not sold by sample, but by description. The size of sheets, weight per ream and grade of paper were specified. There is not a word of testimony that the goods delivered did not comply with these specifications.

Even if plaintiff made the controverted statement that the catalogues made from this paper would weigh only 9½ ounces, that statement formed no part of the contract and must therefore be taken as an estimate, not as a warranty or condition.

The judgment will be affirmed.

*Affirmed.*