### Ralph Shaw, by Mary E. Shaw his next friend, Appellee, v. Clifton Corrington, Appellant.

1. EVIDENCE—*when prejudicial.* In an action for injury to a boy struck by an automobile, it is improper to permit a person to testify that the driver stated it would teach the boys a lesson to stay out of the street, since such evidence may be used as a foundation for an argument to appeal to the prejudice and passions of the jury.

2. EVIDENCE—*when prejudicial though excluded.* It is error to permit a witness in a personal injury suit to relate in detail the condition of the boy injured on coming out from under an anaesthetic and the expression on the nurses' faces, even though such testimony is finally excluded.

3. NEGLIGENCE—*evidence of reputation.* The reputation of a chauffeur involved in an accident, for carefulness, competency or skilfulness, is not admissible on the question of his negligence, unless in the absence of direct evidence on such question.

4. INSTRUCTIONS—*when erroneous.* It is error to give an instruction enlarging the meaning of the statute requiring a reasonable warning to be given by the driver of an automobile, by stating that such warning must be given by some signal device on the machine where there is evidence in the case that the driver shouted.

5. NEGLIGENCE—*care demanded of children.* An instruction relative to the question of due care on the part of a child which leaves out the element of experience should be refused.

Action in case for personal injuries. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed June 5, 1912.

KIRBY, WILSON & BALDWIN, for appellant.

BELLATTI, BARNES & BELLATTI, for appellee.

Mr. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case begun by Ralph Shaw, to recover for personal injuries sustained by him by being struck by an automobile driven by Clifton Corrington. The plaintiff recovered a verdict for $1,500 upon

which judgment was rendered and the defendant appeals.

At the time of the accident the plaintiff, a boy nearly ten years of age, was a pupil in Lafayette school in the city of Jacksonville. Lafayette school is situated on the south side of Lafayette avenue, which is paved with brick and runs east and west. On the opposite side of the street from the school is a grocery store and west of the store, in the same block, are four dwelling houses. Sidewalks are laid from the east and west sides of the school building to Lafayette avenue and raised crossings run from these sidewalks across the street. On May 3rd, upon the dismissal of the school for the noon hour, the plaintiff as he was leaving the school ran, another boy chasing him, from the west side of the school diagonally in a northwesterly direction across Lafayette avenue to the sidewalk on the north side of the street, and upon reaching the sidewalk turned and immediately started back in a southeasterly direction, running looking back over his shoulder, when he collided with the automobile going west driven by defendant a few feet south of the north curb, and was seriously injured.

On the trial, the mother of the plaintiff was permitted to testify to a conversation with the defendant, at the hospital—more than an hour after the accident in which she testified that the defendant said ''that he was sorry that it happened, but he said it would teach the boys a lesson; they would stay out of the street.'' This did not tend to prove any issue in the case but was merely a foundation for an argument appealing to the prejudice and passions of the jury. The Reverend O. J. Gary was permitted to detail on the witness stand the condition of the boy when coming out from under an anaesthetic; that the nurses ''were there and had this thing, this little instrument, little tube going into his arm and three of them were there and the looks on their faces.'' This the court properly ruled out but it had been heard by the jury and

in this kind of a case the effect of such statements would not be overcome by their exclusion.

The defendant sought to prove by witnesses that he was a competent and careful chauffeur. The reputation of a person involved in an accident for carefulness, competency or skilfulness is not admissible on the question of his negligence, unless in the absence of direct evidence on the question. 8 Ency. of Ev. 943; City of Salem v. Webster, 192 Ill. 369. The court properly sustained the objection to that character of evidence.

It is contended that the court erred in giving each instruction given for the plaintiff. The first tells the jury that the statute "commands that every motor vehicle while in use upon a public highway shall be provided with a bell, horn or other signal device and that the statute means that such bell, horn or other signal device shall be sounded as an automobile approaches any portion of the street where persons are upon or crossing or apparently about to cross or go upon the street." The third instructs the jury that the law "makes it the duty of a person driving an automobile along the street approaching a point where person or persons are upon, on foot or walking upon or along such public highway, to sound his horn or give reasonable notice with some other signal device of his approach. And if you believe from the evidence that at the time in question and at the point in the public highway where the accident occurred there were a number of school children upon foot or walking upon and along the public highway, and if you further believe from the evidence that a reasonably prudent and cautious person under the circumstances then and there existing would have sounded his horn to give notice of the approach of his automobile to the school children, then and there upon and along such public highway, and if you further believe from the evidence that the defendant did not sound his horn, or give reason-

able warning of his approach, then such neglect to sound his horn would be negligence.'' These instructions are broader than the statute. The ninth section of the act provides that every motor vehicle shall be provided with a suitable bell, horn or other signal device. The seventeenth section provides that: ''Upon approaching a person walking upon or along a public highway, or a horse or horses—the operator—shall give reasonable warning of his approach and use every reasonable precaution to avoid injuring such person or frightening such horse.''

The statute requires that reasonable warning shall be given of the approach, but does not say what the warning shall be, and that every precaution shall be taken to avoid frightening horses. In the present case the evidence tends to show that a horse was shying at the automobile and defendant testified that he immediately undertook to stop and shouted at the plaintiff. The meaning of the statute should not be extended and made to embrace more than the statute itself expresses, neither should the instructions be repeated. The concrete part of the third instruction gives the law substantially in the language of the seventeenth section of the Automobile act, and there was no necessity for giving the first instruction which attempts to tell the jury what the statute means and enlarges the meaning. The second instruction was an abstract proposition and should not have been given in the form presented. The fourth instruction is: ''The court further instructs the jury that the conduct of a child of tender years is not to be judged by the same rule which governs that of adults. While it is the general rule in regard to an adult that would entitle him to recover damages for an injury resulting to him from the fault or negligence of another, he must himself have been free from negligence and fault. This rule, however, when applied to a child of tender years will not prevent a recovery by it unless it is possessed of

that degree of intelligence, prudence and caution which will cause it to know and appreciate and to understand the dangers incident to itself from its wrongful acts and omissions.'' This instruction in its direction of what is to be considered in determining the question of what is due care on the part of a child leaves out the element of experience, and minimizes the degree of care required of a child. (L. E. & W. R. R. Co. v. Klinkrath, 227 Ill. 439). It is so worded as to be liable to mislead the jury by giving them to understand that the burden is on the defendant of proving that the plaintiff did not have the intelligence, capacity and experience to appreciate danger. The instruction should have been refused also because of its argumentative nature. The fifth instruction omitted the element of experience in determining the question of due care. The sixth, seventh, eighth and ninth instructions given for the plaintiff were concerning the measure of damages and are substantially duplicates. There was no occasion for giving more than one instruction on that question.

Since the case must be reversed for errors of law we refrain from expressing any opinion concerning the merits of the case as there may be new or additional evidence on another trial.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*