David D. MORRAN, Appellant,

v.

PENNSYLVANIA RAILROAD COM-
PANY, a Corporation.

No. 14290.

United States Court of Appeals
Third Circuit.

Argued June 13, 1963.

Decided July 17, 1963.

John A. DeMay, Pittsburgh, Pa. (Gerard H. Hamilton, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellant.

William C. Walker, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, GANEY and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

Dissatisfied with the $8,000 general verdict of a jury in an F.E.L.A. case, the plaintiff, a railroad brakeman, has appealed from the judgment entered on that verdict against his employer, the Pennsylvania Railroad.

Over the plaintiff's objection, the trial judge charged the jury on contributory negligence and instructed them that their award might be reduced proportionately if they should find that plaintiff's injury resulted from his own contributory negligence as well as that of the defendant railroad.[1] Pursuant to that

1. The court charged in part as follows:
"If you determine there was such contributory negligence attributable to the plaintiff, the amount of the total damage is to be diminished in proportion to the amount of negligence attributable to the plaintiff as compared with the negligence of the defendant. In other words, if you find the negligence of the defendant was 50% responsible for the acci-

instruction the jury may have returned a general verdict for an amount substantially less than the total damages suffered by the plaintiff.[2] For this reason, the plaintiff is entitled to a new trial if the evidence did not warrant the submission of the question of contributory negligence to the jury. Davis' Adm'r. v. Cincinnati, N. O. & T. P. Ry. Co., 1916, 172 Ky. 55, 188 S.W. 1061; Scott v. Service Pipe Line Co., 1954, 159 Neb. 36, 65 N.W.2d 219; cf. O'Neill v. Reading Co., 3d Cir., 1962, 306 F.2d 204, 206.

At the trial the defendant introduced no evidence. Thus, the evidence of contributory negligence, if any, must be found in the plaintiff's case.

The evidence concerning the way in which the accident occurred was clear and in no way conflicting. Working as a brakeman, shortly before midnight, the plaintiff had ridden a car down a section of track and stopped it. He then undertook to walk to a nearby trainman's shanty to meet the rest of his crew. This was proper procedure. Between the plaintiff and the shanty was a depressed area which the railroad had bridged with an eight-by-ten-foot covering of planks. This planking was customarily used as a walkway and was so intended. The plaintiff himself had so used it frequently for eight or ten years.

On the night in question, the plaintiff, using a lantern for illumination, started to walk across the planking. He observed nothing indicative of danger. A plank broke under his weight so that he fell heavily, his weight-bearing leg thrusting into the space beneath the planking.

Subsequent inspection showed that the plank which broke was about two inches thick and had rotted from the under side through more than half of its thickness. This condition was not apparent from above.

The defendant urges that contributory negligence can be inferred from the plaintiff's own testimony that neither on the occasion of the accident nor during the years of prior use of the walkway had he paid particular attention to the planking. But this is significant only if there was something indicative of danger which an observant pedestrian would have seen. On the evidence there was nothing.[3] Only if a plank were turned over or the structure inspected from underneath would the dangerous deterioration become apparent. Certainly, the employee whom the employing landowner invites to use a walkway is under no duty to look for hidden danger. Cf. American Stores Co. v. Murray, 3d Cir., 1937, 87 F.2d 894. "It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any." Northwest Airlines, Inc. v. Glenn L. Martin Co., 6th Cir., 1955, 224 F.2d 120, 127,

dent and the plaintiff's contributory negligence was 50% responsible for the accident, you would give the plaintiff only one half of the total amount of damages. For example—and this I take out of the air—if $100 would be the total amount of the damages sustained by the plaintiff, then the plaintiff would be awarded one half of $100, or $50, by the jury. I submit this to you only as an example of how you shall compute the damages and the amount of your verdict, but if the plaintiff was not guilty of contributory negligence which contributed to the accident, the plaintiff would be entitled to receive the whole amount."

2. Plaintiff's injuries were not trivial. Apart from loss of wages, there was medical testimony that in falling plaintiff suffered "a whiplash injury of the cervical spine or the neck. This is really a very severe kind of sprain of the neck or a kind of injury in which the neck goes into flexion and forward and backward suddenly, producing certain injuries to the supporting ligaments of the neck and to the nerves of the neck as they come off the spinal cord. The back injury appeared to be a strain or sprain of the back". There also was testimony that at the time of the trial more than two years after the accident the plaintiff had not fully recovered from his injuries.

3. In its pretrial statement, seeking to defend against the plaintiff's negligence claim, the railroad stated that it would "show that at all times the planking which was a normal and proper installation appeared to be in good condition. * * *"

50 A.L.R.2d 882, cert. denied, 1956, 350 U.S. 937, 76 S.Ct. 308, 100 L.Ed. 818.

In an effort to impose upon plaintiff an affirmative duty to inspect the planking, the railroad points out that plaintiff was a "promoted conductor" and, as such, bore special responsibility for the safety of himself and his crew. But any such duty is confined to the operations which a conductor supervises. The only testimony on this matter was that a conductor "is in charge and responsible for the safety and the operating condition of that train, that section of men". There is nothing to suggest that the plaintiff had any responsibility for the maintenance, inspection or safety of yards or grounds, or structures therein.

In brief, there was nothing in the record from which the jury could reasonably have found that lack of care on the plaintiff's part was a factor in causing the accident. Therefore, the issue of contributory negligence should not have been submitted to the jury.

In denying a new trial, the court below expressed the belief that our decisions in Munzenmayer v. Lit Bros., Inc., 3 Cir., 1957, 248 F.2d 946, and Stenella v. S. S. Kresge Co., 3 Cir., 1957, 248 F.2d 933, suggest that contributory negligence is a jury question in a case like this. Those cases have no such significance. Both are *per curiam* decisions, one sustaining a jury finding of contributory negligence, the other sustaining a jury finding of no contributory negligence. Neither involved any such hidden danger as we have here. In both cases this court concluded that in the circumstances disclosed by the evidence a jury might reasonably have found a customer negligent in failing to observe something in her path on the floor of a department store, or it might reasonably have reached a contrary conclusion. This case is different in that there is no evidence that points either directly or inferentially to any defect in the planking which a pedestrian could have seen.

Since the argument of this case this court has ruled in another F.E.L.A. case, Gans v. Baltimore and Ohio R.R. Co., 3

Cir., 319 F.2d 802, that the issue of contributory negligence was properly left to the jury. But there the court found circumstantial evidence from which it could reasonably be inferred that during a temporary stop in the course of a switching operation, the brakeman, who was fatally injured, carelessly went between two cars. Here there is nothing that plaintiff could reasonably have been required to do to protect himself from the danger of the unsafe walkway.

The judgment will be reversed and the cause remanded for a new trial.