Heinrich Stegmann, Plaintiff-Appellee, v. Philip L.
Zachariah, Defendant-Appellant.

**Gen. No. 64-F-21.**

Fifth District.

February 18, 1964.

Reed and Armstrong, of Edwardsville, for appellant.

Griffith and Hoefert, of Alton, for appellee.

WRIGHT, JUSTICE.

This is an action by the plaintiff to recover damages occasioned by the alleged negligence of the defendant in the operation of his automobile. Defendant filed a counterclaim to recover damages occasioned by the alleged negligence of the plaintiff in the operation of his automobile. The issues made by the complaint and answer, the counterclaim and answer thereto, were submitted to a jury resulting in a verdict in favor of the plaintiff against the defendant in the sum of $1,500, and a verdict in favor of the plaintiff on the counterclaim of defendant. The trial court granted a remittitur in the sum of $500 and entered judgment for the plaintiff and against the defendant for the sum of $1,000, and entered a judgment for the plaintiff on the counterclaim of the defendant. Defendant appeals from the judgment entered against him.

Defendant contends that the plaintiff was guilty of contributory negligence and that defendant was free of any negligence as a matter of law and that, therefore, the trial court erred in refusing to direct verdicts for the defendant at the close of the plaintiff's case and at the close of all of the evidence.

Defendant further contends that the verdicts are contrary to the manifest weight of the evidence; that the court erred in giving Plaintiff's Jury Instruction No. 2 and that the court erred in allowing Plaintiff's Exhibit No. 3 to be introduced in evidence and taken to the jury room.

This action arises out of an automobile collision which occurred on September 25, 1962, at approximately 9:15 p. m. in the One Hundred block of Broadway Street in Alton, Illinois. Broadway Street at the

scene of the collision runs east and west having four driving lanes and one lane next to the north curb and one lane next to the south curb for parallel parking. The two eastbound lanes of travel and the two westbound lanes of travel are marked by a center line, and there is a center line dividing the east and westbound lanes.

The defendant was driving his automobile in an easterly direction in the right hand eastbound lane. When he arrived at the end of the block, he noticed a car backing into the lane he was traveling in order to park at the south curb. The defendant then slowed his automobile and stopped in the right hand lane about a car length behind the parking space that the vehicle was backing into. While the defendant was so stopped, he was struck in the rear by the automobile operated by the plaintiff, who was also traveling east in the right hand lane of traffic and to the rear of the defendant.

The evidence is conflicting as to what occurred immediately before and at the time of the collision. The evidence on behalf of the defendant is to the effect that there were no vehicles between plaintiff and defendant for a distance of at least one block, and that the plaintiff had a clear view of defendant's automobile, and the headlights and taillights of defendant's car were burning at all times. There was evidence offered on behalf of defendant that the plaintiff was traveling at a fast rate of speed.

Plaintiff testified that prior to the collision he was following a small truck in the right hand eastbound lane of traffic and immediately prior to the collision the truck turned to the left and proceeded east in the left hand lane to pass defendant's stopped vehicle. Plaintiff further testified that he attempted to turn left to pass the defendant's stopped vehicle but was prevented from doing so because another vehicle was

9

following close behind him in the left hand east-bound lane, and that he could not avoid colliding with defendant's stopped vehicle. Plaintiff also testified that defendant's taillights were not on at the time of the collision but defendant turned them on afterwards and before the police arrived. He testified that just prior to the collision, he was driving twenty miles an hour.

We cannot say as a matter of law that the plaintiff was guilty of contributory negligence and that defendant was free from negligence. Questions of negligence and due care are ordinarily questions of fact for a jury to decide. Questions which are composed of qualities sufficient to cause reasonable men to arrive at different results should never be determined as a matter of law. The jury is the tribunal under our legal system to decide that type of issue. To withdraw from the jury the determination of questions of fact is to usurp its function. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. Similarly, under the conflicting evidence in the record before us, the verdict cannot be deemed to be contrary to the manifest weight of the evidence. Winters v. Richerson, 9 Ill App2d 359, 132 NE2d 673.

A motion for a directed verdict at the close of the plaintiff's case and at the close of all of the evidence presents the single question whether there is in the record any evidence, which standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. Farr v. Chicago & E. I. R. Co., 8 Ill App2d 168, 131 NE2d 120. In reviewing the action of the court of which complaint is made, the evidence is not weighed. We look only at that which is favorable to the plaintiff. Olympia Fields Country Club v. Bankers Indemnity Ins. Co., 325 Ill App 649, 60 NE2d 896; Rose v. City of Chicago, 317 Ill App 1, 45 NE2d 717. The fact that witnesses did not agree in every

10

particular as to what occurred cannot be considered. If the testimony regarding material facts is conflicting and the conclusion to be reached depends largely upon the credit to be given opposing witnesses, it is for the jury to determine wherein the truth lies and it is error to direct a verdict. People v. O'Grady, 339 Ill 263, 171 NE 143. The trial court did not err in refusing to direct verdicts for the defendant at the close of the plaintiff's case and at the close of all the evidence.

 The defendant urges that the trial court committed reversible error in giving to the jury Plaintiff's Instruction No. 2 which is as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that: No person shall park a vehicle, except when necessary to avoid conflict with other traffic, on the roadway side of any vehicle parked at the edge or curb of a street.

"If you decide that the defendant violated the statute on the occasion in question, then you may consider that fact together with all of the other facts and circumstances in evidence in determining whether or not the defendant was negligent before and at the time of the occurrence."

Upon the trial of this case, it was the theory of the plaintiff that defendant had parked his automobile on the roadway side of a vehicle parked at the edge or curb of a street when not necessary to do so in order to avoid conflict with other traffic, in violation of c 95½, § 90, Ill Rev Stats 1961. The defendant admitted there was no other traffic on the street and that he could have pulled around the car in front of him but he just "wasn't in a hurry." The driver of the car in front of the defendant testified that there was plenty of room for the defendant to have gone around him. In this state of the record, the jury instruction

11

complained of was supported both by plaintiff's theory and by evidence in the record.

The plaintiff is a German and gave his testimony in the German language through his daughter as an interpreter who translated the German answers of the plaintiff into English. During the course of cross-examination of the plaintiff, he volunteered in an unresponsive answer that in Germany he had received the watch he was wearing for driving 100,000 kilometers with one motor in a Volkswagen and he had eight of them. On redirect examination of the plaintiff by his own counsel, the plaintiff testified that the watches were presented to him by the Volkswagen Company and that each watch represented driving one Volkswagen for 100,000 kilometers without accident or dent in the car and with one motor. He further testified on redirect examination that for the eight watches he drove 800,000 kilometers without an accident, or dent and no repairs to the automobile. Counsel for the defendant did not object to any of this testimony. The watch that plaintiff was then wearing, which he had received from the Volkswagen Company, was admitted into evidence as Plaintiff's Exhibit No. 3 over the objection of counsel for the defendant. On the back of the watch there was an inscription with the letters "VW" and the figure "100,000 kilometers" was inscribed through the letters. Defendant contends that the testimony concerning the watches and the admission into evidence of the watch identified as Plaintiff's Exhibit No. 3, constituted reversible error for the reason that evidence of conduct of a person on another occasion or occasions is irrelevant on the question of his conduct on the occasion in issue.

The evidence concerning the eight watches given to plaintiff by the Volkswagen Company and the admission in evidence of one of the watches (Plaintiff's

Exhibit No. 3) would under normal circumstances be clearly not admissible and prejudicial. However, a review of the record reveals that counsel for the defendant at no time objected to such testimony. Also, some of this testimony was given in cross-examination of the plaintiff by defense counsel and the answer concerning the watches was not responsive. Defendant did not disclaim the answers or ask that they be stricken and the jury instructed to disregard them. The point of error concerning this testimony has been waived by defense counsel and has not been preserved for review.

Defendant did object to the admission of the watch into evidence. The objection was overruled. The admission of the watch in evidence was error, but in view of all the testimony about it without objection we hold that such error was harmless and not reversible. A court of review will not reverse a judgment unless it appears that real justice has been denied or that the verdict of the jury and the judgment of the court may have resulted from such error. O'Brien v. Musfeldt, 345 Ill App 12, 102 NE2d 173.

We, therefore, conclude that the defendant was not prejudiced by any error in this record and the proof is not so unsatisfactory as to justify us in reversing the case.

Judgment affirmed.

DOVE, P. J. and REYNOLDS, J., concur.