114 Ill. App.2d 95 (1969)
252 N.E.2d 389
Ralph Washburn, Plaintiff-Appellee,
v.
Terminal Railroad Association of St. Louis, a Corporation, Defendant-Appellant.
Gen. No. 68-16.
Illinois Appellate Court  Fifth District.
July 31, 1969.
Rehearing denied and supplemental opinion October 2, 1969.
*96 *97 Roberts, Gundlach & Lee, of East St. Louis (Richard E. Boyle, of counsel), for appellant.
Chapman, Strawn & Kinder, of Granite City (Morris B. Chapman, of counsel), for appellee.
*98 GOLDENHERSH, P.J.
Defendant, Terminal Railroad Association of St. Louis, appeals from the judgment of the Circuit Court of Madison County entered upon a jury verdict in the amount of $60,000.
Plaintiff's complaint, as amended, alleges a cause of action based upon the Federal Employers' Liability Act (45 USCA 51, et seq.) arising out of an occurrence in April 1964, in defendant's C.D. Yard near East St. Louis, while plaintiff was employed as a switchman. In its answer, as an affirmative defense, defendant pleaded the execution of "a full and complete release." Plaintiff replied, averring that the release was not binding because it was executed "under a misapprehension of fact" and an erroneous conception of the nature and extent of the disability suffered; the release is supported by a totally inadequate consideration, and resulted from defendant and its agent overreaching plaintiff, and the release was procured by fraud and deception.
In its case, defendant called plaintiff under section 60 of the Civil Practice Act. During the interrogation of plaintiff, plaintiff's counsel stated "our only contention about this release is the mutuality of a mistake of fact of this medical condition."
Plaintiff testified that after he was released from treatment for the injury he was told there was nothing wrong with his knee, it was just a bruised muscle and he could go back to work when he felt up to it. When he talked to William P. Bittle, defendant's claim agent, Bittle told him the doctor said all he had was a bruised muscle.
In rebuttal, plaintiff read from Bittle's discovery deposition, as follows:
"Q. The report which you had, would that indicate to you that there was any residual in this injury that was suffered?
"A. I said `No' and he made no complaint as I recall.
*99 "Q. At the time you took the release, the contemplation was that, or your understanding at least, was that he had recovered from this injury?
"A. Right, he had been working two days."
The trial court, holding that the release was taken under a mutual mistake of fact as to the nature and extent of plaintiff's injuries, directed a verdict on the issue, and defendant, as its first assignment of error argues that in so doing, it erred.
[1-3] The validity of a release attacked in an action brought under the Federal Employers' Liability Act is governed by federal law. Dice v. Akron, C. & Y.R. Co., 342 U.S. 359, 96 L Ed 399, 72 S Ct 312. The burden of proving the release invalid because of a mutual mistake of fact is on the plaintiff, Callen v. Pennsylvania R. Co., 332 U.S. 625, 92 L Ed 242, 68 S Ct 296, and it must be proved by a preponderance of the evidence, Purvis v. Pennsylvania R. Co., 198 F.2d 631. There is nothing in the Federal Employers' Liability Act or the decisions of the Supreme Court of the United States which precludes the direction of a verdict in a proper case, Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 1 L Ed2d 493, 77 S Ct 443.
The only evidence of record on the issue is the testimony of plaintiff, and the admissions contained in Mr. Bittle's deposition. This case is clearly distinguishable from Callen v. Pennsylvania R. Co. (supra), upon which defendant principally relies, in that in Callen the claim agent testified that he determined the amount of the settlement on the basis of his belief that there was no liability, and the defendant strenuously contested the issue of whether plaintiff was suffering any further disability. Here the defendant offered no evidence on either the issue of liability or plaintiff's injuries, its evidence being limited to the release, and plaintiff's testimony when called under section 60.
*100 [4] We have reviewed the authorities cited by defendant (Dice v. Akron, C. & Y.R. Co., 342 U.S. 359; Chicago & N.W. Ry. Co. v. Curl, 178 F.2d 497 (CA 8th); Cratsley v. Pittsburgh & Lake Erie R. Co., 272 F Supp 330 (WD Pa); Rice v. Trunkline Gas Co., 323 F.2d 394 (CA 7th); Purvis v. Pennsylvania R. Co., 198 F.2d 631 (CA 3rd); Graham v. Atchison, T. & S.F.R.R. Co., 176 F.2d 819 (CA 9th), 71 ALR2d 82), and conclude that even though the release purports to release defendant from all claims for injuries, symptoms and conditions, present and future, connected with, or arising out of the occurrence in question, and further recites that plaintiff fully informed himself of its contents and knew what it contained, if its execution resulted from a mutual mistake of fact as to the extent and permanence of plaintiff's injuries, it was invalid. Under the circumstances, the trial court did not err in taking the issue of the validity of the release from the jury.
[5] Defendant contends that the court erred in admitting testimony that in 1958, some six years prior to plaintiff's injuries, there was a change in the procedure for the maintenance of the part of defendant's C.D. Yards where plaintiff was working at the time he was injured. What we said with respect to this issue in Hollis v. Terminal R. Ass'n of St. Louis, 72 Ill. App.2d 13, 218 NE2d 231, is here applicable, and the court did not err in admitting the testimony.
Defendant contends that the court erred in its rulings on objections, and in denial of its motion for mistrial, because of allegedly inflammatory and improper remarks made by plaintiff's counsel during final argument. In an opinion and order entered upon denial of defendant's post-trial motion, the trial court reviewed each of the incidents, remarks and rulings of which defendant complains. What this court said with respect to similar contentions in Wells v. Gulf, M. & O.R. Co., 82 Ill. App.2d 30, 34, 226 NE2d 662, is here applicable, and we cannot say *101 that the trial court's rulings constitute an abuse of discretion.
The record shows that plaintiff, at defendant's request, was examined by Dr. Lee T. Ford. The parties agree that the request was made in lieu of a motion under Supreme Court Rule 17-1 (now Rule 215) and copies of the doctor's report were furnished in compliance with the rule. Over defendant's objection, the court permitted plaintiff's counsel to read from the report certain of the doctor's findings on the theory that they were admissions against interest made by defendant's agent.
Defendant contends that the doctor is not an agent whose report can be held to be an admission which binds defendant, and the court erred in its ruling. Plaintiff, relying upon Nollau Nurseries, Inc. v. Industrial Commission, 32 Ill.2d 190, argues the evidence was properly admitted.
To determine whether Nollau is controlling here, it is necessary to compare the statute which authorized the examination in Nollau, and the provisions of Supreme Court Rule 215. Nollau was a workman's compensation case, and the Workmen's Compensation Act (c 48, § 138.1 et seq., Ill Rev Stats 1967) states that the employer shall provide medical and surgical services (§ 138.8(a)) and contains detailed provisions for medical examinations, furnishing of reports, etc. (§ 138.12). The physician, whose report was in issue in Nollau, treated the petitioner, and in the course of the treatment performed surgery on his leg. It is not clear from the opinion whether, absent the treatment furnished under section 138.8(a), a report based solely upon an examination conducted under section 138.12, would have been admissible as an admission against interest.
[6] It is apparent from the language of Supreme Court Rule 215 that the right to a physical examination is not absolute, and the party requesting it can "suggest," not select, the physician by whom it shall be conducted. *102 It is equally apparent from the opinion in People ex rel. Noren v. Dempsey, 10 Ill.2d 288, that the intended purpose of the authority asserted, and the rule adopted, is to enable a litigant to obtain information as to the nature and extent of the injuries and the physical or mental condition in controversy. Neither the rule, nor any opinion of an Illinois court of which we are aware, defines the status of the examining physician.
The only case found in our research of the issue presented is State of Missouri ex rel. St. Louis Public Service Co. v. McMullan, (Mo), 297 S.W.2d 431, 62 ALR2d 1281, in which the Supreme Court of Missouri held that an order for a physical examination stems from an exercise of the circuit court's inherent discretionary power and not from an absolute right of the applicant, and the physician appointed to conduct the examination acts for the court, and is not an agent for either party. (See also 23 Am Jur2d, page 589, and 25A CJS, page 147; Jackson v. Whittinghill, 39 Ill. App.2d 315, 324, 188 NE 2d 337.)
[7] A determination of the issue presented does not require us to decide the status of the examining physician. The purpose of discovery is the ascertainment of truth and the expedition of the disposition of litigation, Monier v. Chamberlain, 35 Ill.2d 351, 221 NE2d 410. To this end the existence and limits of liability insurance have been made discoverable, People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 NE2d 588, but the information elicited is not admissible in evidence. The nature and extent of a plaintiff's injuries are at least as relevant, and their disclosure to the litigants is at least as likely to effect settlement, as the existence of liability insurance. For this reason it appears to us that a defendant should be in a position to use discovery procedures to obtain the information without the risk that the report of the examining physician may be admitted in evidence against him.
*103 In Watts v. State of Indiana, 338 U.S. 49, 93 L Ed 1801, 69 S Ct 1347, at page 1349, Mr. Justice Frankfurter said "And there comes a point where this court should not be ignorant as judges of what we know as men." As men, and lawyers, this court knows that if the report of a physician who makes an examination under the authority of Rule 215 is treated as an admission against interest, one of two patterns will develop; either there will be no requests for examinations, or only those examiners will be used who are unlikely to find anything of significance to report. Either result defeats the purpose of the discovery process.
[8] In The People v. Speck, 41 Ill.2d 177, 242 NE2d 208, at page 200, the Supreme Court states: "A witness is not the property of either party to a suit and simply because one party may have conferred with a witness and even paid him for his expert advice does not render him incompetent to testify for the other party." Nothing prevents either party from calling the examining physician and assuming his being called, his report can be used in the same manner as other types of prior statements. In our opinion Nollau is not authority for admission of portions of the report in this case, and in holding them admissible, the trial court erred.
Having found error, we must determine, whether, and to what extent, it was prejudicial. The evidence erroneously admitted described plaintiff's condition as of the date of the examination, expressed the opinion that he had sustained a tear of the medial meniscus, that exploratory surgery was indicated and the symptoms described might be lessened by removal of the medial meniscus. It was in no way relevant to the issue of liability.
Defendant tendered, and the court gave, an instruction in the form of IPI 21.07. Since the jury assessed damages, we may safely assume they decided that defendant *104 was liable. The prejudicial effect, if any, of the error could only be reflected in the amount of the verdict.
[9-11] Defendant argues that the verdict is excessive and prays, in the alternative, for a remittitur. The amount of damages to be assessed is peculiarly a question of fact for the jury and this court will not substitute its judgment for that of the jury. However, it cannot be determined to what extent, if any, the error affected the amount of the verdict. Justice requires that the issue of damages be determined without intervention of error, and in the exercise of the power vested in this court by Supreme Court Rule 366 we affirm the judgment insofar as it determines the issue of defendant's negligence, and remand the cause to the Circuit Court of Madison County with directions to vacate the judgment entered on the verdict, enter judgment for plaintiff on the verdict finding the issues in favor of plaintiff, and grant defendant's motion for a new trial solely on the issue of damages. We are cognizant of the fact that in a Federal Employers' Liability Act case, defendant is entitled to prove contributory negligence in diminution of damages, and for its guidance upon retrial, refer the circuit court to Cromling v. Pittsburgh & Lake Eire R. Co., 327 F.2d 142.
Judgment affirmed, cause remanded for new trial on the issue of damages only.
MORAN, J., concurs.
EBERSPACHER, J., dissenting:
I would reverse and remand for a new trial.
The argument of plaintiff's counsel was in my opinion, designed to appeal to and incite such prejudice as deprived the defendant of a fair trial. It included accusations of improper motives, lack of integrity, dishonesty and deceit, and comparisons to communistic attacks, and criminals who do not take the witness stand in their *105 own defense, misstating the law with reference to inferences that may be drawn from the failure of an accused to testify on his own behalf. In order to further incite the jury's prejudice, in a case where the claimed injury occurred as a result of the defendant's negligence in covering a hole in the yards, and the injury did not occur in escaping the wheels of a train, counsel inferred that the mishap of stepping on a loose board might have resulted in plaintiff's legs being cut off, and speculated as to the number of future injuries of that nature which defendant might inflict on its employees. As we said in Vandaveer v. Norfolk & W.R. Co., 78 Ill. App.2d 186, 208, 222 NE2d 897, 907, where we adopted the language of Vujovich v. Chicago Transit Authority, 6 Ill. App.2d 115, 122, 126 NE2d 731, 735:
"... The constitutional right of a trial by jury is not a license to counsel to indulge in abusive and prejudicial conduct to gain a verdict, nor does it grant any privilege to embarrass, belittle and abuse an adversary before a jury to such an extent that the hope of the adversary to obtain respectful consideration at the hands of the jury is destroyed or seriously jeopardized."
The impropriety of such argument is not erased by sustained objections. Underwood v. Pennsylvania R. Co., 34 Ill.2d 367, 215 NE2d 236.

SUPPLEMENTAL OPINION UPON DENIAL OF PETITION FOR REHEARING
GOLDENHERSH, P.J.
Plaintiff has petitioned for rehearing and relying upon Keystone Steel & Wire Co. v. The Industrial Commission, 42 Ill.2d 273, 246 NE2d 228, argues that we erred in holding portions of Dr. Ford's report to be inadmissible.
*106 Our conclusion that a report under Supreme Court Rule 215 is distinguishable from one made under section 138.12 of the Workmen's Compensation Act (c 48, § 138.12, Ill Rev Stats 1967) emanates from the differences between the rule and the statute, and does not depend upon whether the physician treated, or merely examined, the plaintiff.
Under the statute, the examination, upon request, is mandatory, under the rule it is discretionary with the trial court; under the statute, the employer, already under a duty to provide medical treatment (138.8(a)), selects the examiner, under the rule the party seeking the examination may "suggest" the physician; the rule provides a means of discovery of information not otherwise available, while the statute provides for the employer, already under a statutory obligation to furnish medical treatment and therefore, possessed of knowledge with respect to the employee's condition, a method of obtaining an opinion as to the nature, extent and probable duration of the injury and the amount of compensation due.
After careful consideration of plaintiff's contentions, we adhere to the opinion, and the petition for rehearing is denied.
MR. JUSTICE MORAN dissents, being of the opinion that under Keystone Steel & Wire Co. v. The Industrial Commission, 42 Ill.2d 273, 246 NE2d 228, the evidence was properly admitted.