GERTRUDE BRUNNER, Plaintiff-Appellant, *v.* HAROLD D. SLUPE, Defendant-Appellee.

(No. 69-148;

Fifth District—November 29, 1972.

Ray Freeark and Carl Lee, both of Belleville, for appellant.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, (John D. Bauman, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

In May, 1965 plaintiff, Gertrude Brunner, was one of several passengers in an automobile driven by defendant, Harold Slupe. There were six occupants in the automobile, all Air Force personnel and their wives, stationed at Scott Air Force Base, Illinois. The group was on its way to an anniversary party to be held in honor of the plaintiff at a restaurant in St. Louis. Their route took them over the so-called Troy Road, north of Scott Air Force Base. The road was a narrow, oil road with sharp turns. The plaintiff and her husband had traveled the road before. Defendant Slupe had never driven over the road prior to this occurrence.

After negotiating several curves and a hilly straightaway, the vehicle

crested a blind hill. At that time the defendant discovered a narrow bridge at the bottom of the hill and another vehicle parked on the road on the other side of the bridge. Upon discovering this situation the defendant braked his automobile and smoke came from his tires. It had rained earlier and the ground was wet and the car began to "hydroplane" down the wet hill. Defendant lost control of the car for a time and as he approached the bridge he decided to cut his wheels to the right rather than go through the bridge. Defendant was unaware of a deep culvert which passed beneath the bridge, and after striking a concrete abutment the car hurdled a creek and then fell back down into the creek.

Plaintiff sustained permanent injuries in the occurrence. She received a fracture of the left arm. She also sustained fractures of the pelvis and a tear of the bladder neck (urethra). As a result of the latter injury she developed "Stress Incontinence", a condition which causes a loss of urine when a person coughs or sneezes. The plaintiff has undergone a great deal of treatment and spent some lengthy periods in the hospital. The plaintiff filed suit against the defendant and received a $15,000 jury verdict. Only the plaintiff has appealed. Her primary contention is that the damages awarded by the verdict are patently inadequate, contrary to law and to the manifest weight of the evidence and the result of prejudice and passion. Plaintiff seeks a new trial on the issue of damages only.

The plaintiff, in seeking a new trial on the issue of damages only, requests this court to find that there is no question of the defendant's liability.

■■ In Illinois a new trial on the issue of damages only is permissible. In *Paul Harris Furniture Co. v. Morse*, 10 Ill.2d 28, it was held that "[e]ither a trial or an appellate court may set aside an adequate verdict and order a new trial solely on the issue of damages in a proper case, that is, in a case where the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice." We must, therefore, determine if this is such a "proper case".

■■ Since this case was brought under the Illinois Guest Statute, Ill. Rev. Stat., ch. 95½, sec. 10—201, in order for the plaintiff to recover, the defendant must be guilty of wilful and wanton misconduct. To grant a new trial on the issue of damages only the evidence of liability must be so clear that there is no real issue as to this point for a second jury to try. The court in *Paul Harris* later stated: "[a] court is not justified in ordering a new trial solely on the question of damages alone where it appears that the damages awarded were a compromise on the question of liability." Upon this issue of liability, the jury and not the court weighs the contradictory evidence and the inferences therefrom, judges the credibility of the witnesses and draws the ultimate conclusions of fact.

(*McManus v. Feist*, 76 Ill.App.2d 99, 221 N.E.2d 418. *Paul Harris Furniture Co. v. Morse, supra.*) We must at this juncture review the evidence in favor of the defendant to see if there is any question of liability. ■■ The defendant testified that he had a buzzer type speed regulator which would buzz when he reached the speed at which it was set. He stated that the buzzer was set at 55 M.P.H. and that it never went off. Defendant also stated that after plaintiff's husband told him that he had negotiated the last of the curves, that his speed never exceeded 50 M.P.H.

There was also testimony that as the defendant approached the bridge he saw a car which appeared to be about to enter the bridge. Also, there was a man standing in the middle of the road next to the driver's side of the car. The wing flanges of the bridge could not be seen because weeds had grown up in front of them.

The defendant under these circumstances was apparently faced with the choice of going through the bridge and hitting either the other car or the man in the road, or going off the road into a culvert of which he was unaware. This evidence made the question of whether or not defendant was guilty of wilful and wanton misconduct a fact for the jury to decide.

The defendant in his brief stated that if the plaintiff is entitled to a new trial it should be on all issues and he cited *Keel v. Compton*, 120 Ill.App.2d 248, 256 N.E.2d 848, in support of this proposition. We do not find *Keel* controlling because in that case the plaintiff asked for a new trial in addition to a new trial on the issue of damages only. We feel that the case of *King v. City of Chicago*, 53 Ill.App.2d 484, 202 N.E.2d 839, more closely fits the situation before us. In the *King* case the court upheld the trial court's denial of a new trial on the issue of damages only and refused to grant a new trial which would have been proper, but was not requested.

There were other errors alleged that may have justified a new trial. However, neither side has requested a new trial and thus it is not necessary to consider those other issues. Even assuming that the verdict was a compromise between damages and liability, we still must affirm since neither side asked for a new trial on all of the issues.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.