LOUISE DUNCAN, Plaintiff-Appellant, *v.* PEORIA YELLOW CHECKER CAB CORP. *et al.*, Defendants-Appellees.

Third District   No. 76-168

Opinion filed February 10, 1977.

Robert L. Silberstein, of Peoria (Emmett Lally, of counsel), for appellant.

Klockaw, McCarthy, Lousberg, Ellison & Rinden, of Rock Island (Garry M. Rinden, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Louise Duncan was injured when her car collided with a taxicab owned by Peoria Yellow Checker Cab Corporation and driven by Donald R. Matson. Plaintiff brought a personal injury action against defendants, and at the conclusion of the trial, the jury returned a verdict awarding her $750 damages. The trial court denied plaintiff's motion for a new trial, and she appeals that ruling. The sole issue is whether the damages awarded by the jury were inadequate.

According to the evidence, plaintiff's car and the defendants' taxicab collided in an intersection which was regulated by a "yield" sign for northbound traffic in the direction that the cab was traveling. Following

the collision, plaintiff admitted to the investigating officer that she had not observed defendants' cab until the moment of impact. The defendants contend that the verdict was obviously a compromise on the issue of liability.

Plaintiff was hospitalized for 14 days after the accident and was treated for a soft-tissue back injury. Dr. R. J. Bickerman, the treating physician, testified that her complaints were primarily subjective except for indications of muscle spasm. After treatment including traction and physical therapy, plaintiff's condition improved and she was released. No medication was prescribed, and no restrictions were imposed upon her activities.

One week later plaintiff was again hospitalized, this time by her family physician, Dr. Maude Sanders, who, based upon plaintiff's report of pain and discomfort, diagnosed her condition as cervical lumbosacral muscle strain. Dr. Sanders testified that in her opinion plaintiff has a permanent disability. Dr. Sanders referred plaintiff to the Institute of Physical Medicine and Rehabilitation for physical therapy. On cross-examination, Dr. Sanders admitted that she had received a report from Dr. Stephen Jarrett of the Institute indicating that plaintiff was uncooperative and very emotional during his examination. Dr. Jarrett found that plaintiff had a normal range of movement of the head, neck, upper and lower extremities, and that she had no trouble ambulating. Dr. Jarrett concluded that plaintiff had "possible cervical and lumbar strains with severe emotional overlay" but he could find no objective indications of anything severely wrong. After eight days plaintiff was discharged from the hospital by Dr. Sanders and returned to work in the outpatient surgery department at St. Francis Hospital. Both plaintiff and her husband testified at length as to her inability to perform certain physical tasks since the accident.

At trial plaintiff introduced evidence of her medical expenses totaling $2,462, of which $1,443 were attributable to her first hospitalization and $1,019 of which were related to her second hospital stay. In addition, she claimed $446 lost wages as a result of her inability to work while hospitalized. Plaintiff also sought additional damages for permanent disability. Defendants did not question the reasonableness of the medical expenses or the amount of lost wages.

■■ It is the law in Illinois that a verdict should be set aside and a new trial granted for inadequacy of damages where it is clear that injustice has been done, or where it is obvious that a jury failed to take into consideration proper elements of damage which are clearly proven, or where it is apparent that the jury made a compromise between the guilt of the defendant and the damages sustained by a plaintiff. *Montgomery v. Simon* (1st Dist. 1941), 309 Ill. App. 516, 33 N.E.2d 642; 28 Ill. L. & Prac. *New Trial* §29 (1957).

Generally the question of damages is peculiarly one of fact for the jury, and courts are reluctant to interfere with the jury's exercise of its discretion. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.) In *First National Bank v. Szwankowski* (2d Dist. 1969), 109 Ill. App. 2d 268, 248 N.E.2d 517, the reviewing court held an award of $20,000 to be inadequate where the award was less than plaintiff's out-of-pocket medical expenses and lost wages. The court said:

> "Ordinarily, a court will not interfere with the discretion of the jury in its assessment of damages except where the award is palpably inadequate or it is clear that a proven element of damages has been ignored [citation], or it is shown to be erroneous or the result of passion or prejudice, or where it clearly appears from the uncontradicted evidence that the amount of the verdict bears no reasonable relationship to loss suffered by the plaintiff.
>
> * * *
>
> We are unable to imagine the misadventure the issue of damages suffered during the deliberations of the jury. It is apparent that the jury improperly assessed the amount of the damages for the verdict bears no reasonable relationship to the loss suffered by the plaintiff. The verdict does not even satisfy the uncontradicted elements of damages relating to medical expenses and lost wages."

109 Ill. App. 2d 268, 275-76, 248 N.E.2d 517, 520-21.

■■ More recently an ward of $9,200 was reversed where plaintiff's medical expenses and loss of wages totaled nearly $11,000. (*Kelty v. Wiseman Construction Co.* (2d Dist. 1976), 38 Ill. App. 3d 808, 349 N.E.2d 108.) Here the verdict of the jury is particularly questionable in that the damages allowed seem to be based on some figure drawn out of the air. To award only one-fourth the actual damages incurred by plaintiff, in our judgment, was palpably inadequate, and bore no reasonable relationship to plaintiff's loss. Defendants argue that the cross-examination of Dr. Sanders cast some doubt as to the legitimacy of some of the medical expenses. Even if we accept that argument, we can find no justification for the jury's failure to award compensation for the full amount of the expenses relating to plaintiff's first hospitalization and her treatment by Dr. Bickerman. The legitimacy of that amount was never challenged. Accordingly, we hold that it was error for the trial court to deny plaintiff's motion for a new trial.

In the briefs filed in this cause, both plaintiff and defendants took the position that, if a new trial is necessary, it should be a trial on all issues. During oral argument before this court plaintiff attempted to argue that a new trial should be limited to the issue of damages, but this contention was later withdrawn, and counsel for plaintiff then acknowledged that her reply brief waived that issue. See page 6 of Reply Brief.

■■ In any event, we would not be justified in ordering a new trial on

the issue of damages alone since it appears that the damages awarded were the result of a compromise on the question of liability.

In *Brunner v. Slupe* (5th Dist. 1972), 8 Ill. App. 3d 924, 290 N.E.2d 327, the court stated:

"To grant a new trial on the issue of damages only the evidence of liability must be so clear that there is no real issue as to this point for a second jury to try." 8 Ill. App. 3d 924, 925, 290 N.E.2d 327, 328.

On the basis of the record before us, we cannot say that defendants' liability is clear. Therefore, a new trial on all issues is in order. See *Haizen v. Yellow Cab Co.* (1st Dist. 1963), 41 Ill. App. 2d 330, 190 N.E.2d 514.

For the reasons given the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for a new trial on all issues.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.