WILLIAM THATCH, Plaintiff-Appellee, *v.* MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellant.

Fifth District   No. 75-206

Opinion filed February 4, 1977.—Supplemental opinion filed on denial of rehearing May 20, 1977.

David Stutsman, of Walker & Williams, of Belleville, for appellant.

Cohn, Carr, Korein, Kunin and Drennan, of East St. Louis (Rex Carr, of counsel), for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the Missouri Pacific Railroad Company, defendant-appellant, from a judgment entered on a jury verdict in the Circuit Court, St. Clair County, in favor of plaintiff-appellee, William Thatch, in the amount of $249,200. Defendant contends that: (1) the issue of plaintiff's contributory negligence was a question of fact to be determined by the jury, and (2) plaintiff's counsel in his closing argument prevented defendant from receiving a fair trial, and (3) the verdict was excessive.

On August 6, 1969, plaintiff was working as a carman for defendant railroad. Plaintiff, his foreman and another employee were moving railroad cars with a motorized forklift and chain. A railroad axle with a wheel on either end was laid across the forks of the forklift to increase the

weight of the forklift for added traction. The wheels extended beyond the sides of the forklift. There was a narrow concrete platform adjacent to the track with numerous potholes in it. The accident happened while the plaintiff and his foreman were walking back for another car, and the forklift was moving behind them in the same direction. One wheel of the forklift went into a hole and one of the wheels across the forks of the forklift struck the plaintiff in the back causing injury thereto. Plaintiff brought a negligence action pursuant to the Federal Employer's Liability Act. 45 U.S.C. § 51 *et seq.*

■■ The first issue on appeal is the question of plaintiff's contributory negligence. The record shows that plaintiff and his foreman were walking down a concrete platform to get another car and the forklift was coming behind them in the same direction. Plaintiff's own testimony during the trial was:

"* * * I know it is close enough—when I was walking at the side of Mr. James [the foreman]—I am there behind him in there, and think the tractor would pass, but I didn't move over far enough; this is where the wheel struck me."

At the close of the trial the court refused to submit the issue of plaintiff's contributory negligence to the jury. Under the F.E.L.A., plaintiff's contributory negligence would not bar recovery, but would reduce plaintiff's damages in proportion to the relative negligence of plaintiff and the railroad (45 U.S.C. §53).

"The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable." (*Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35, 88 L. Ed. 520, 525, 64 S. Ct. 409, 412.) This assertion is particularly applicable to cases decided under The Federal Employer's Liability Act. In *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 1 L. Ed. 2d 493, 77 S. Ct. 443, the Supreme Court addressed the legislative history of the F.E.L.A. as it pertained to the function of the jury. The original 1906 Act provided that: "All questions of negligence and contributory negligence shall be for the jury." (34 Stat. 232; Hearings before the Senate Committee on Interstate Commerce on H.R. 239, 59th Cong., 1st Sess. 68-69.) In 1908 a provision that "all questions of fact relating to negligence shall be for the jury to determine," was proposed but never adopted, the view being that the Seventh Amendment already encompassed this proposition. (Hearings before the Senate Committee on Education and Labor on S. 5307, 60th Cong., 1st Sess. 8-9, 45-46.) The court goes on to state that the right to a jury determination is an integral part of the Congressional scheme under the F.E.L.A., and of course, the rule must be the same whether the issue is the railroad's negligence or the plaintiff's contributory negligence.

■■ Illinois decisions have followed this mandate as to the essence of the jury function both within and without F.E.L.A. cases. The rule in this state was stated by the Supreme Court of Illinois in *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

While the court in this case expressly referred to the direction of verdicts and judgments *n.o.v.*, it maintained the flexibility of the rule by defining the logical consistency upon which it was predicated:

> "Logic demands that one rule govern both the direction of verdicts and determination of the presence or absence of negligence or contributory negligence as a matter of law, for in both situations the issue is whether a court or the jury should decide the negligence issue." (37 Ill. 2d 494, 503; 229 N.E.2d 504, 510.)

Plaintiff cites *Morran v. Pennsylvania R.R. Co.* (3d Cir. 1963), 321 F.2d 402, and *Knierim v. Erie Lackawanna R.R. Co.* (2d Cir. 1970), 424 F.2d 745, to support the argument that unless there is an evidentiary basis to support a finding of contributory negligence, the court should take the issue from the jury. In *Morran* the evidence revealed that plaintiff-employee of the railroad fell through a wooden plank used as a walkway and was injured. The evidence further showed that only if the plank was inspected from underneath would the dangerous deterioration become apparent. In *Morran* there was a hidden danger and there was no evidence which pointed directly or indirectly to any defect in the planking which the employee could have seen.

In *Knierim* two trains proceeding in opposite directions on the same track were involved in a head-on collision. Defendant railroad alleged contributory negligence against the injured crewmen who were suing under the F.E.L.A. The evidence established that it was the duty of the conductor and not the plaintiff to flag the oncoming trains and to call the dispatcher to obtain clearance for the movement of the trains. The Court of Appeals for the Second Circuit held that the issue of contributory negligence was correctly withheld from the jury as a matter of law. These cases can be distinguished from the case at bar in that the jury neither directly or inferentially could find from the evidence that the plaintiffs were not in the exercise of ordinary care.

In accordance with *Pedrick*, we must now view all of the evidence in a light most favorable to the defendant, Missouri Pacific Railroad Company, and determine whether that evidence so overwhelmingly favors the plaintiff that no contrary verdict could ever stand.

Plaintiff began working for the defendant railroad in 1949. He had been either a car helper or a carman since 1954. The record does not reveal how long plaintiff worked for the Missouri Pacific at the Dupo Yards specifically; nor does it reveal how familiar plaintiff was with the concrete platform on which he was walking and upon which the forklift was traveling. However, both plaintiff and Mr. Knox (the forklift driver) testified that there were numerous and deep potholes in the platform, that the wheels across the forks of the forklift protruded from the sides of the forklift and that the area of the platform was wide enough for the people to walk down while the forklift was being driven down the slab, but that this area was decreased when the wheels were laid across the forks. The record reveals that plaintiff knew the forklift was coming behind him and that he knew the platform had holes in it. The record also reveals that despite this knowledge plaintiff failed to turn around or even to look back to see where the forklift was and failed to move to the other side of the platform. Plaintiff himself stated, "I then walked behind Mr. James [the foreman], thinking that the tractor would pass but I did not move over far enough."

We cannot conclude that this evidence so overwhelmingly favors the plaintiff that no contrary verdict based on this evidence could ever stand.

> "Questions of negligence and due care are ordinarily questions of fact for a jury to decide. Questions which are composed of qualities sufficient to cause reasonable men to arrive at different results should never be determined as a matter of law. The jury is the tribunal under our legal system to decide that type of issue. To withdraw from the jury the determination of questions of fact is to usurp its function. *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 117 N.E.2d 74." (*Stegmann v. Zachariah*, 46 Ill. App. 2d 7, 10, 196 N.E.2d 703, 705).

■■ For these reasons and in keeping with the Supreme Court's assertion in *Rodgers v. Missouri Pacific R.R. Co.* that jury determination is an integral part of the Congressional scheme under the F.E.L.A., this court holds that the issue of the plaintiff's contributory negligence under these facts was for the jury to decide.

Under section 53 of the Federal Employers Liability Act (45 U.S.C. § 53) contributory negligence of plaintiff does not bar his claim but only serves to reduce his damages in proportion to the amount of negligence attributable to the plaintiff; therefore, we find it necessary to remand the case for a new trial as to damages only. In *Cromling v. Pittsburgh & Lake Erie R.R. Co.*, (3d Cir. 1963), 327 F.2d 142, a new trial was granted on the issue of damages only as the issue of negligence of the railroad was regarded as adjudicated. In the instant case, the jury has already found for the plaintiff on the question of defendant's liability and consequently the

retrial should only concern itself with the question of damages to the plaintiff, considering the evidence of his contributory negligence.

This opinion is concerned with the question of plaintiff's contributory negligence. However, as there will be a retrial on the question of damages only, we will comment on the second point raised in defendant's appeal. The plaintiff testified on direct examination that he had visited a Dr. Maxwell, "twice or three times" after the accident which is the subject of this lawsuit. The Doctor was not called as a witness but his discovery deposition had been taken. In. his closing argument, counsel for the defendant commented about the fact that Dr. Maxwell wasn't brought in and he (counsel) "did not know what he did." Plaintiff's counsel objected indicating that opposing counsel had taken the Doctor's deposition. It was proper for counsel to suggest to the court a valid odjection to this language. However, the reference to the discovery deposition was improper and the discussion should have terminated at this point. The question of Dr. Maxwell's deposition was brought up again in plaintiff's counsel's closing argument and defendant's counsel objected. There were further comments by both sides which were improper. The court should not permit counsel to engage in argument between themselves, but should require that objections be addressed to the court.

As the case will be retried, it is not necessary to discuss the third point of defendant's appeal.

The case is therefore remanded to the trial court of St. Clair County with directions to enter judgment for the plaintiff on the issue of liability, and a new trial is ordered limited to the issue of damages in accordance with this opinion.

Reversed and remanded with directions.

EBERSPACHER and KARNS, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Plaintiff has filed a petition for rehearing in this court, alleging as grounds therefor that the court misapprehended the facts relating to the issue of contributory negligence and that the court's opinion does not adequately explain how the case is to be retried on the issue of damages. We adhere to the views expressed in our earlier opinion concerning contributory negligence and see no need to discuss that issue any further. However, we agree with plaintiff that a more detailed explanation of the issues which must be resolved upon retrial is required.

■■ Under Illinois Pattern Instruction, Civil, No. 160.13 (2d ed. 1971),

which explains how damages are to be determined in cases brought under the Federal Employer's Liability Act, the jury must first compute the amount of plaintiff's damages without reference to the question of contributory negligence, then decide what percentage, if any, of the total combined negligence of the parties causing plaintiff's injury consisted of plaintiff's negligence, and, finally, reduce by that percentage the amount of damages which would have been awarded had plaintiff's negligence not contributed to his injury. See 45 U.S.C. §53 (1970); I.P.I. Civil No. 160.13 (2d ed. 1971); *Louisville & Nashville R.R. Co. v. Wene*, 202 F. 887 (7th Cir. 1913); *Sprickerhoff v. Baltimore & Ohio R.R. Co.*, 323 Ill. App. 340, 55 N.E.2d 532 (4th Dist. 1944).

In our earlier opinion in this case, we reversed and remanded for a new trial because the issue of contributory negligence was improperly withheld from the jury. Plaintiff, therefore, reasons that the jury's verdict of $249,200 represents the first step in the procedure outlined above, that is, the amount of damages without reference to the question of contributory negligence. He contends that because the jury has already ascertained the amount of damages, the sole issue remaining for determination upon retrial is the amount, if any, by which the damages must be reduced because of plaintiff's contributory negligence. Plaintiff points out that if the retrial is limited in this manner, then only evidence concerning the *causes* of plaintiff's accident will have to be presented to the jury, and medical testimony and other evidence concerning the amount of plaintiff's damages will not be necessary. In its answer to the petition for rehearing, defendant agrees with plaintiff's analysis. We also find it persuasive.

■■ It is well settled that an appellate court may limit the issues to be resolved upon remandment for a new trial. (*Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 75 L. Ed. 1188, 51 S. Ct. 513 (1931); *Norfolk Southern R.R. Co. v. Ferebee*, 238 U.S. 269, 59 L. Ed. 1303, 35 S. Ct. 781 (1915); *Paul Harris Furniture Co. v. Morse*, 10 Ill. 2d 28, 139 N.E.2d 275 (1957); *Brunner v. Slupe*, 8 Ill. App. 3d 924, 290 N.E.2d 327 (5th Dist. 1972); *Washburn v. Terminal R.R. Association*, 114 Ill. App. 2d 95, 252 N.E.2d 389 (5th Dist. 1969).) In limiting a retrial to certain issues where other issues have previously been properly submitted to and determined by a jury, the court must proceed cautiously, with a careful regard for the rights of both parties. The court should limit the issues only in those cases where it is plain that any error which has crept into one element of the verdict did not affect the determination of any other issue. *Thompson v. Camp*, 167 F.2d 733 (6th Cir. 1948).

Although defendant in the present case originally argued that the verdict was excessive, it now agrees with plaintiff on the manner in which the retrial should be limited. Moreover, our review of the record indicates

that the verdict was supported by the evidence. We are also satisfied that the failure to submit the issue of contributory negligence to the jury did not affect its determination of plaintiff's damages. The causes of plaintiff's injuries were irrelevant to this determination as damages are computed on the basis of medical testimony, evidence of expenses and lost wages, etc.

■■ We hold that the only issue to be determined upon retrial is the percentage, if any, by which plaintiff's total damages must be reduced because of his contributory negligence. The jury must, therefore, be instructed that this is the sole issue for its determination, that the defendant has been found negligent, but that there is evidence of plaintiff's contributory negligence and that the amount of plaintiff's damages, without reference to the question of contributory negligence, is $249,200.

In addition to the other relevant instructions, we suggest the trial court present the jury with the following modified version of IPI Civil No. 160.13 (2d ed. 1971):

> "It has already been determined that the defendant is liable in part for plaintiff's injuries and that the total amount of plaintiff's damages is $249,200.
>
> If you find that plaintiff's injury was proximately caused by a combination of plaintiff's contributory negligence and negligence on the part of the defendant, then in assessing damages you should proceed in the following manner:
>
> First, decide what proportion or percentage of the total combined negligence of both parties causing the injury consisted of the plaintiff's negligence. Second, reduce plaintiff's damages of $249,200 by this proportion or percentage."

Plaintiff's petition for rehearing is denied, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

KARNS, J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:

Without referring to Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 38, par. 366), my brethren have apparently given its provision authorizing "the order of a partial new trial" a more liberal interpretation than it has heretofore been given. To have one jury determine one element of the damages awarded and another jury another element, is not, in my judgment, what was contemplated by adoption of the rule.

I find a complete absence of authority for the unprecedented remandment for a new trial, not on the issue of damages only, nor on all the issues, but for the sole purpose of retrying only one of several issues

included in the question of damages in a Federal Employer's Liability Act (45 U.S.C. §51 *et seq.* (1970)) case. I agree as my brethren state that "It is well settled that an appellate court may limit the issues to be resolved upon remandment for a new trial" and that the five cases they cite so hold. However, not one of those cases is authority for the remandment of a case for a new trial on the issue of the percentage, if any, by which plaintiff's total damages must be reduced because of his contributory negligence. In the *Gasoline Products* case the United States Supreme Court found the issues to be so interwoven that they reversed a judgment limiting a new trial to the issue of damages only. In the 1914 case of *Norfolk Southern R.R. Co.* the United States Supreme Court approved a new trial on the issue of damages only, in a case in which they found there was no evidence of contributory negligence on the part of the plaintiff. In the case at hand, because there was evidence of contributory negligence, which issue was withheld from the jury, we granted a new trial on the issue of damages only. In the *Norfolk* case the Supreme Court admonished that it did not commend the practice under F.E.L.A.

In *Paul Harris Furniture Co.* the Illinois Supreme Court approved a new trial on the issues of damages only "in a case where the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice." In *Brunner* this court refused to order a new trial on the issue of damages only and affirmed the judgment entered on the verdict. In *Washburn* this court remanded for a new trial on the issue of damages only and referred the trial court to *Cromling v. Pittsburg & Lake Erie R.R. Co.* (3d Cir. 1963), 327 F.2d 142, in which after the court had ordered a new trial limited to the issue of damages, there was, as here, a petition for rehearing from which it was "apparent that the parties are in doubt as to how they are to proceed in the court below." The court then held "No modification of our original judgment is required and accordingly none will be made."

I am of the opinion that the petition for rehearing in this case should be disposed of in the same manner as was the one in *Cromling.*