(No. 56333.—

JACK WALDEN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ottawa Silica Company, Appellee).

*Opinion filed January 24, 1983.*

Barton & Sorokas (Michael Sorokas, of counsel), for appellant.

Pamela K. Kesler, of Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

Jack Walden filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries allegedly sustained in an auto collision on his employer's property. An arbitrator awarded minimal compensation of 2% partial disability under section 8(d)(2) of the Act (Ill. Rev. Stat. 1979, ch. 48, par.

138.8(d)(2)) and $650 for medical expenses. On review, however, the Industrial Commission found that the claimant failed to prove that he sustained any permanent disability as a result of the accident and that the medical expenses were necessary or reasonable. The Commission set aside the award, and the circuit court of La Salle County confirmed the decision of the Industrial Commission. The claimant brought a direct appeal to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

On the evening of February 23, 1979, while on his way to work at the Ottawa Silica Company in Ottawa, Jack Walden drove his auto against a parked semi-trailer on the company's property. Walden informed the company's personnel officer that he was not injured and worked his regular shift that evening. He testified that he asked the plant's division manager, John Kensler, two days later whether he could see the company doctor or go to the hospital and that his request was denied. The following day Walden consulted his own physician, Dr. J. B. Aplington, and a week later was examined by his wife's physician, Dr. M. L. Toraason. On June 11, 1979, he visited and was treated by a chiropractor, Dr. Donald P. Mammano. He was examined on June 26, 1979, by the respondent's physician, Dr. D. W. McKinney. Walden did not lose any time from work.

Dr. Mammano's records showed that Walden complained of cervical pain, pain in the carpal-metacarpal joints of the left thumb, back pain along the upper lumbar spine, tension, and dizziness. Mammano testified that he treated Walden for six weeks, after which Walden continued to experience intermittent pain. It was his opinion that Walden's complaints were causally connected to the accident on February 23, 1979. A medical report form completed by Dr. Mammano showed a negative response to the question whether any permanent injury would result.

Dr. McKinney's report, which was received in evidence, concluded:

"The only objective findings as far as this individual is concerned on today's examination is the very minimal scoliosis of the thoracic spine as noted by physical examination and the degenerative arthritic changes in the thoracic spine as seen by the x-ray. I feel that these changes predated the accident in question. I am unable to substantiate any real objective findings here to denote permanent disability as a result of the accident in question."

On review before the Industrial Commission, the respondent called Kensler, Ottawa Silica's division manager, as a witness. He testified that at no time during his conversation with the claimant on or about February 24, 1979, did Walden discuss his physical condition or request to go to the hospital.

Ottawa Silica learned at the arbitration hearing of Dr. Aplington's and Dr. Toraason's consultations with Walden. Their records, which were subpoenaed by the respondent, were admitted into evidence on review before the Commission. Aplington first responded to the subpoena by stating that he had no medical records for Walden. He later submitted a letter indicating that, although he could not remember Walden's specific complaints, he had found a $10 receipt issued to Walden for services in February 1979. The letter further stated that, had he found serious injury to Walden, he would have made notes of the examination. Aplington was not informed at the time of the examination that Walden was claiming an injury from his employment.

Dr. Toraason's records included a notation that she received $12 from Walden for an office visit on March 5, 1979. Her notes indicated a complaint that Walden had "sprung" his back right flank while pulling a car fender.

The claimant subsequently was allowed to reopen proofs, and a *dedimus potestatem* to take the depositions of Aplington and Toraason was issued. The supplemental letter report of Dr. Aplington referring to the receipt of

$10 was stipulated to, and the claimant took the deposition of Dr. Toraason. The deposition was not later offered into evidence.

On *certiorari*, the circuit court of La Salle County held that the subpoenaed records of Aplington and Toraason were incorrectly admitted on review since the evidence could have been available to the respondent at the hearing before the arbitrator. Since Walden was allowed, however, to submit further materials from Aplington and to take the deposition of Dr. Toraason, the error was not reversible, the court said in confirming the Commission's decision.

The claimant has raised two points on this appeal: whether Dr. Aplington's and Dr. Toraason's medical records were properly admitted on review, and whether the decision of the Industrial Commission is against the manifest weight of the evidence.

This court declared in *Nollau Nurseries, Inc. v. Industrial Com.* (1965), 32 Ill. 2d 190, and *Keystone Steel & Wire Co. v. Industrial Com.* (1969), 42 Ill. 2d 273, that an examining or treating physician's medical report or testimony may be received into evidence as an admission against interest when the physician is an agent of the employer. Walden attempts to distinguish those decisions on the ground that the physicians there were agents of the employer, whereas here the doctors were engaged by the the injured employee. We do not consider that the court's holdings in these cases, however, were limited to employers' physicians, and we fail to discern any reason to restrict them. (Accord, *Cuneo Press Co. v. Industrial Com.* (1930), 341 Ill. 569.) Too, in *Long v. Industrial Com.* (1979), 76 Ill. 2d 561, this court allowed statements made by the claimant in giving personal histories which were filed in hospital records to be admitted as admissions against interest. We would further observe that whether to receive additional evidence is within the sound discretion of the Industrial Commission. *Niles Police Department v. In-*

*dustrial Com.* (1981), 83 Ill. 2d 528, 536.

Nor do we consider that the decision of the Industrial Commission was against the manifest weight of the evidence. It is for the Commission to decide questions of fact, including those of causation, and the credibility of witnesses, and to choose between conflicting medical evidence. (*Keystone Steel & Wire Co. v. Industrial Com.* (1978), 72 Ill. 2d 474.) A decision of the Industrial Commission will not be set aside unless it is contrary to the manifest weight of the evidence. (*Lambert v. Industrial Com.* (1980), 79 Ill. 2d 243.) The finding here is not contrary to the manifest weight of the evidence. That this court might have drawn different inferences from the evidence is not a factor to be considered on review. *Schoonover v. Industrial Com.* (1981), 86 Ill. 2d 321.

For the reasons given, the judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*