MEL GUNTHER, Plaintiff-Appellant, *v.* COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—0640

Opinion filed August 10, 1984.

William J. Harte, Ltd., and Edward M. Burke, both of Chicago, for appellant.

Isham, Lincoln & Beale, of Chicago, for appellee Commonwealth Edison Co.

Peter B. Freeman and Garland H. Allen, both of Hopkins & Sutter, of Chicago (Richard E. Terry and James Hinchliff, of counsel), for appellee Peoples Gas Light & Coke Co.

James R. Bryant, Jr., and John T. Lenahan, both of Chicago, for appellee Illinois Bell Telephone Co.

Mayer, Brown & Platt, of Chicago, for appellee Northern Illinois Gas Co.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Mel Gunther, a taxpayer residing in the city of Chicago (the City), filed this class action suit on his own behalf and on behalf of all taxpayers residing in the City, challenging the right of defendants, Commonwealth Edison Company, Peoples Gas Light and Coke Co., Illinois Bell Telephone Company, and Northern Illinois Gas Company, to retain interest earned on money paid by the taxpayers to defendants as a utilities service charge pursuant to section 36(a) of the Public Utilities Act (the Act) (Ill. Rev. Stat. 1981, ch. 111⅔, par. 36(a)), which serves to offset the economic burden of the municipal utility tax imposed on defendants by the City pursuant to section 8—11—2 of the Illinois Municipal Code (the Code) (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—2). Without addressing the issues of plaintiff's standing or certification of the class, the trial court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. On appeal, plaintiff contends that: (1) the trial court erred in dismissing his complaint on the grounds that: (a) defendants, as agents of the City, breached their duty to account for and return any profits made on the service charge; (b) retention of the interest earned constitutes unjust enrichment; and (2) plaintiff has standing to sue as a taxpayer. For the following reasons, we affirm the judgment of the trial court.

Section 8—11—2 of the Code authorizes municipal governments to tax public utilities that supply service within the municipality at a rate not to exceed 5% of the utilities' gross receipts. Paragraph 36(a) of the Act permits the utilities to transfer the economic burden of this tax to utility customers in the form of a monthly service charge added to their utility bills. See *Waukegan Community Unit*

*School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 256, 447 N.E.2d 345.

In the present case, plaintiff concedes that defendants have remitted their tax liabilities in the manner and at the times required by the Code and have complied with the correlative provisions of the Act. Plaintiff alleges, however, that defendants have been unjustly enriched by operation of the statutory scheme which allows an interval of time during which defendants can invest the service charges and earn interest before they are required to remit their tax liabilities to the City. Further, plaintiff contends that defendants have a duty to account for any profits.

■■ ■ Specifically, plaintiff argues that defendants' failure to account for profits earned on the service charges breached a duty owed to the City as a result of their agency relationship. In support of this argument, plaintiff cites numerous cases as well as excerpts from the Restatement of Agency expounding on an agent's duty to its principal. However, plaintiff fails to establish first the existence of an agency relationship between the City and defendants which would give rise to this duty. It is well established that agency is a consensual, fiduciary relationship between two legal entities, created by law, by which the principal has the right to control the conduct of the agent, and the agent has the power to effect legal relations of the principal. (*Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 413 N.E. 2d 457.) In his brief, plaintiff argues, "[T]here is no question that the authority of the agents [defendants] derives solely from that of the principal [the City]." Yet, in contradiction to this statement, plaintiff discusses in detail the authority granted to defendants by the legislature to "collect these [utility] taxes." Thus, plaintiff negates his own agency theory by acknowledging that the legislature is the controlling authority, not the City.

■ Plaintiff further errs by referring to defendants as tax collectors for the City, which they most decidedly are not. The Illinois Supreme Court has declared that utilities are taxpayers who have statutory authority to recover the economic burden of the utility tax from their customers in the form of a monthly service charge. (*Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 256, 447 N.E.2d 345.) The fact that utilities may pass the tax on to their customers alters neither the character of the tax (*Commonwealth Edison Co. v. Community Unit School District No. 200, Du Page County* (1976), 44 Ill. App. 3d 665, 671, 358 N.E.2d 688), nor the character of the utilities as taxpayers. The situation is analogous to that where a landlord passes on an in-

crease in property taxes to the tenant in the form of an increase in rent. The tenant does not become the taxpayer simply because he has assumed the economic burden of the tax imposed upon the landlord.

■■ Plaintiff further argues that defendants are being unjustly enriched by receiving fees for collecting taxes and then retaining profits made by the taxes as well. We disagree and find *Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 447 N.E. 2d 345, dispositive of the issue. In *Waukegan*, appellant urged the supreme court to require the utilities to account for all interest earned on the consumer utility tax revenue bills collected prior to their remittance to the special protest fund. The court held that "[when] collection and remittance of taxes [has been effectuated] in precise accordance with [the] duties under the respective consumer utility ordinances, the utilities cannot be deemed to be unjustly enriched." (95 Ill. 2d 244, 261.) In the present case, plaintiff has conceded that defendants have collected the service charges and remitted the taxes in accordance with the Act and the Code, respectively. Therefore, we conclude that retention of any interest earned during the time between collection and remittance does not constitute unjust enrichment.

■■ ■ Finally, our determination that the trial court did not err in dismissing plaintiff's claim for failure to state a cause of action obviates the necessity to address plaintiff's argument that his status as a taxpayer grants him standing to bring this action.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LORENZ and LINN, JJ., concur.