ROBERT TAYLOR, Plaintiff-Appellant, v. SHEROO KOHLI, Defendant-Appellee.

First District (3rd Division)   No. 1—91—0956

Opinion filed June 30, 1993.—Rehearing denied October 8, 1993.

Jeffrey I. Gehl, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael A. Pollard, and John T. Rank, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Robert Taylor appeals the judgment entered upon the jury's verdict in favor of defendant Dr. Sheroo Kohli in a medical malpractice action to recover damages for defendant's alleged negligence in her treatment of plaintiff.

Plaintiff asserts that the trial court erred by: (1) admitting portions of the discovery deposition of plaintiff's designated medical expert, Dr. Andrew Koman, in evidence as an admission of plaintiff as a party opponent; (2) giving the jury an instruction that Dr. Koman was plaintiff's missing witness and the jury could infer that his testimony would be adverse to plaintiff; (3) striking portions of plaintiff's tendered issues instruction; (4) making prejudicial comments to the jury; (5) limiting plaintiff's cross-examination of defendant; and (6) failing to find that the verdict was contrary to the manifest weight of the evidence.

We reverse and remand this cause for a new trial because it was improper to admit portions of Dr. Koman's discovery deposition and such error was compounded by giving the missing witness instruction.

Dr. Koman had been disclosed to defendant by plaintiff as an expert witness under Supreme Court Rule 220 (134 Ill. 2d R. 220), and defendant thereafter took his discovery deposition. However, plaintiff did not intend to use Dr. Koman as an expert witness and so apprised defendant approximately 19 months prior to trial. Plaintiff also timely identified for defendant two other experts that he would be calling to testify at trial.

The trial court allowed portions of Dr. Koman's discovery deposition to be read into evidence on the basis that it constituted an admission of a party's agent under Supreme Court Rule 212(a)(2), which states:

"Use of Depositions

(a) Purposes for Which Discovery Depositions May Be Used. Discovery depositions taken under the provisions of this rule may be used only:

\* \* \*

(2) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person." 134 Ill. 2d R. 212(a)(2).

We believe that the statements made in the course of a discovery deposition by an expert medical witness engaged by a party do not constitute statements which may be introduced as those of a party opponent.

■ While there does not appear to be a direct decision on this matter in Illinois, cases have implied that an expert witness should not be considered an agent of a party. A statement by a third person may only be considered as an admission by a party opponent if an agency relationship actually exists (*Sladen v. Girltown, Inc.* (7th Cir. 1970), 425 F.2d 24) and such admission by a proper agent is within the scope of his authority. *Werner v. Botti, Marinaccio & DeSalvo* (1990), 205 Ill. App. 3d 673, 563 N.E.2d 1147; *Oakleaf v. Oakleaf & Associates, Inc.* (1988), 173 Ill. App. 3d 637, 527 N.E.2d 926.

To determine agency in this context, we consider the traditional indices of that relationship. The expert witness in the instant case is an independent contractor engaged to examine the documents relating to plaintiff's claim and render an opinion. The method employed by the expert and the control and direction of that expert are not within the power of the plaintiff nor does the plaintiff direct the expert to a particular conclusion.

In *People v. Speck* (1968), 41 Ill. 2d 177, 242 N.E.2d 208, the court rejected defendant's claim that a fingerprint expert formerly employed by defendant could not testify for the State: "A witness is

not the property of either party to a suit and simply because one party may have conferred with a witness and even paid him for his expert advice does not render him incompetent to testify for the other party." (*Speck*, 41 Ill. 2d at 200.) In *Department of Business & Economic Development v. Schoppe* (1971), 1 Ill. App. 3d 313, 272 N.E.2d 696, plaintiff was allowed to subpoena an appraiser formerly employed by defendant to give an opinion as to the value of a piece of land. The court cited *Speck* in determining that plaintiff could employ the expert after defendant had abandoned him.

This court has *sub silencio* determined that an expert may not be a party's agent. In *Lee v. Hyster Co.* (1987), 156 Ill. App. 3d 214, 509 N.E.2d 586, we found that a trial court did not have the authority to order the deposition of plaintiff's out-of-State expert witness to be taken in Illinois since Supreme Court Rule 203 (107 Ill. 2d R. 203) does not vest such authority where the deponent is not an officer, director or employee of the plaintiff. We stated that an expert witness is not under a party's control for purposes of producing that witness for an out-of-State deposition merely because he was hired by that party. *Lee*, 156 Ill. App. 3d at 218.

Other jurisdictions have determined that an expert witness is not a party's agent.

In *Barton v. Plaisted* (N.H. 1969), 109 N.H. 428, 256 A.2d 642, plaintiff moved for a new trial on grounds that two expert witnesses were discovered to have falsely testified. The New Hampshire Supreme Court stated:

"Nor do we think that an expert witness may be said to automatically become the agent or servant of the party who offers his testimony. The doctrine of *respondeat superior* 'rests on the employer's right of control and direction.' *** A party does not prescribe the testimony which his expert shall give, nor does he normally procure or authorize falsification by such a witness." *Barton*, 109 N.H. at 432-33, 256 A.2d at 646.

The Minnesota Supreme Court agreed that an expert is an independent third party. In *State v. Schneider* (Minn. 1987), 402 N.W.2d 779, defendant had hired two experts to evaluate his medical condition in relation to his insanity defense and the State subpoenaed the two to testify at trial. Although defendant argued that allowing their testimony violated his right to a fair trial, the supreme court stated that an independent expert is not an employee of defense counsel and the experts were to be treated like any other third party. *Schneider*, 402 N.W.2d at 787.

Defendant urges us to consider *Collins v. Wayne Corp.* (5th Cir. 1980), 621 F.2d 777, in which the defendant hired a person two days after a bus accident to investigate and analyze the collision. The investigator's deposition was taken and plaintiff sought to introduce it as an admission of defendant. The fifth circuit found that the investigator's deposition was an admission of defendant since he was hired by defendant to investigate and analyze the accident, and was performing the function that defendant had employed him to perform. *Collins*, 621 F.2d at 781.

The fifth circuit based its decision on an earlier case which admitted the report of a marine surveyor hired by the defendant insurance company to investigate the casualty and prepare a report. *Brown & Root, Inc. v. American Home Assurance Co.* (5th Cir. 1965), 353 F.2d 113, *cert. denied* (1966), 384 U.S. 943, 16 L. Ed. 2d 541, 86 S. Ct. 1465.

In Illinois, however, such reports would not be admitted. For example, medical reports of a physician engaged by a party to conduct physical examinations of the other party do not come within an exception to the hearsay rule as an admission by a party-opponent. *Smith v. Central Illinois Public Service Co.* (1988), 176 Ill. App. 3d 482, 531 N.E.2d 51; *Washburn v. Terminal R.R. Association* (1969), 114 Ill. App. 2d 95, 252 N.E.2d 389.

In rejecting admission of the medical report, the *Washburn* court suggests a wise policy consideration which is applicable here:

"[I]f the report of a physician who makes an examination *** is treated as an admission against interest, one of two patterns will develop; either there will be no requests for examinations, or only those examiners will be used who are unlikely to find anything of significance to report. Either result defeats the purpose of the discovery process." *Washburn*, 114 Ill. App. 2d at 103.

We do not live in a vacuum. We are aware of the sly remarks directed at experts: "hired partisan [whose] opinion is a response to a pecuniary stimulus"; or the tongue-in-cheek maxim regarding the ethics of expert witnesses, "Whose bread I eat, his song I sing." *Opp v. Pryor* (1920), 294 Ill. 538, 545, 128 N.E. 580; *Sears v. Rutishauser* (1983), 117 Ill. App. 3d 61, 68, 453 N.E.2d 1 (Webber, J., concurring in part and dissenting in part).

■ For all of this, we are not convinced that an expert's testimony must somehow be a commodity bought and sold to reflect exactly what a party might wish or direct. It was error to admit portions of Dr. Koman's discovery deposition and such error taken in

light of the given missing witness instruction requires us to reverse and remand for a new trial.

■■ We turn next to the issue of whether the court abused its discretion in giving defendant's tendered missing witness instruction where plaintiff has abandoned the witness and advised the defendant of that decision 19 months before the trial. The tendered instruction (see Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971)) provides:

> "The plaintiff has failed to produce an expert witness Dr. L. Andrew Koman, who is within the plaintiff's power to produce; you may infer that the testimony of Dr. Koman would be adverse to the plaintiff."

It is in the trial court's discretion to give the instruction that an adverse inference may be taken if the court first finds that (1) the missing witness was under the control of the party who failed to call him and could have been produced with reasonable diligence; (2) the witness was not equally available to the party requesting that the inference be made; (3) a reasonably prudent person would have produced the witness if the party believed that the testimony would be favorable; and (4) no reasonable excuse for the failure to produce the witness is shown. *Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 22, 541 N.E.2d 643; *Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 776, 484 N.E.2d 1237.

Although the cases that touch upon the subject give us some limited direction, none address the right of a party to abandon an expert witness although they imply that this is an option available to a party. None provide criteria or parameters that control such abandonment or its implications.

Litigators of every stripe must be concerned about a party's unrestricted right to designate an expert and upon determining that the expert is not in lock-step with the party's theory of the case, abandon the expert (or successive experts) in search of another expert who will "get it right."

At least two Illinois decisions seem to take into consideration the time between the designation of the expert and the time of trial. In *Bargman v. Economics Laboratory, Inc.* (1989), 181 Ill. App. 3d 1023, 537 N.E.2d 938, the court ignored defendant's claim of abandonment where an expert had been identified prior to the first trial, but no mention was made as to his appearance at the second trial and plaintiff was unaware that defendant did not intend to use that expert. Moreover, since plaintiff was required to disclose experts first, plain-

tiff was reasonable in believing that the expert in question would be called. Plaintiff would otherwise be unable to take advantage of the abandonment by defendant in securing the expert as his own witness. No such disadvantage appears in the case at bar and there is no evidence that the defendant sought to hire Dr. Koman after notice that he would not be called to testify by plaintiff.

Plaintiff has given defendant 19 months' notice of his intention to abandon Dr. Koman as his expert and defendant has had ample time to seek him as her witness; a right recognized by *Speck* and *Schoppe* in allowing parties to use an expert originally engaged by the other party.

In *Hollembaek*, where defendant offered the testimony of a doctor whose examination of plaintiff was two years' prior to trial, rather than another doctor who examined plaintiff two months before trial, the trial court did not abuse its discretion in giving the missing witness instruction since defendant was attempting to show that there was no degeneration of plaintiff's condition with the passage of time, certainly an issue upon which the most recent examiner might be expected to have an opinion.

Moreover, an expert disclosed under Supreme Court Rule 220 in a case voluntarily dismissed by plaintiff may not be subject to a missing witness instruction in a later refiled case. *Taake v. W H G K, Inc.* (1992), 228 Ill. App. 3d 692, 592 N.E.2d 1159.

The decision to give a missing witness instruction is reserved to the sound discretion of the trial court and a court may consider a party's good-faith efforts to abandon a declared witness provided there is appropriate inquiry into criteria set out in *Schaffner*.

As we have previously indicated, we do not invite parties to seek successive opinions of experts only to be abandoned if they do not comport with a party's view of his case.

■ However, in the instant case, the witness was equally available to the parties after plaintiff made clear his early disinterest in calling the witness as his expert. Contrast the present situation with that in *Ryan v. E.A.I. Construction Corp.* (1987), 158 Ill. App. 3d 449, 511 N.E.2d 1244, in which the court gave a missing witness instruction where defense counsel listed an engineer as a witness, deposed him twice, obtained a continuance to enable him to testify, never called the witness at trial, and was evasive when the trial court asked him if the witness was notified to appear at trial. After all of defense counsel's effort on the part of the witness, the trial court determined that defendant would have produced the witness if the witness' testimony was favorable to defendant. (*Ryan*, 158 Ill. App. 3d at

462-63.) No such evasive activity can be ascribed to plaintiff in the instant case.

Since we reverse and remand on other grounds, we need not determine whether the giving of a "5.01 instruction," although error, would alone have warranted reversal.

Nor do we consider the other issues assigned as error by the plaintiff. We assume that a different issues instruction will be given in accordance with the evidence admitted upon retrial. Similarly, injudicious remarks or limitations on plaintiff's cross-examination are unlikely to be repeated upon retrial, so we need not rule upon these issues, in the interest of judicial economy.

For all of the foregoing reasons, we reverse and remand.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.