(No. 76436.—

ROBERT TAYLOR, Appellee, v. SHEROO KOHLI, Appellant.

*Opinion filed September 29, 1994.*

92

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael A. Pollard, John T. Rank and Joan O'Reilly Oh, of counsel), for appellant.

Thomas R. O'Bryan, of the Law Offices of Herzl E. Levine, of Chicago, for appellee.

Sharon A. Salinas, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HEIPLE delivered the opinion of the court:

In this case of first impression, we are asked to resolve two questions: first, whether an expert is an agent of the party hiring him; second, whether and when a missing-witness instruction is appropriate if a disclosed expert is not called.

Plaintiff was admitted to defendant's hospital for treatment of a condition related to dropfoot. Defendant doctor examined plaintiff and concluded that surgery was necessary. Defendant performed the surgery, after which plaintiff suffered a complication, the nature and cause of which were in dispute. Plaintiff was treated for the complication and released. Thereafter, plaintiff sued the defendant doctor in the circuit court of Cook County.

Thirty-nine months before trial, plaintiff disclosed Dr. Louis A. Koman as an expert witness pursuant to Rule 220, and defendant deposed him. Dr. Koman was from out of State. Plaintiff claims that, 19 months prior to trial, he informed defendant that Dr. Koman would not be called and was no longer plaintiff's expert. Defendant disputes that this notice was given, and the trial court did not resolve the issue.

At trial, plaintiff did not call Dr. Koman. Defendant, on the other hand, sought leave of court to have Koman's unfavorable deposition testimony read into evidence on the basis that it constituted an admission against plaintiff's interest. (134 Ill. 2d R. 212(a)(2).) Defendant also asked that a missing-witness instruction be given to the jury. The trial court granted both of defendant's requests, and the jury ultimately found in defendant's favor.

Plaintiff appealed, and the appellate court reversed. It concluded that statements made in the course of a discovery deposition by an expert medical witness engaged by a party do not constitute statements which may be introduced as admissions against interest by that party, concluding that an expert witness is not an agent of the party who calls him. (252 Ill. App. 3d 852, 854.) The appellate court also concluded that the trial court erred in giving the missing-witness instruction, since Dr. Koman was equally available to both parties. This conclusion was founded on the premise that plaintiff had abandoned Dr. Koman as his expert 19 months prior to trial and had so informed defendant. (252 Ill. App. 3d at 857-58.) While the court did not decide whether this second error alone would require reversal, it concluded that the two errors combined deprived plaintiff of a fair trial.

The parties to this appeal both begin with the premise that an expert may be formally abandoned, af-

ter which time his opinion is no longer attributable to the party who originally disclosed him. Thus, the parties are in agreement that, if plaintiff abandoned Dr. Koman, it was error to read the unfavorable testimony as an admission against interest and it was further error to give the missing-witness instruction. The parties dispute the steps necessary to abandon an expert witness and whether abandonment was accomplished in this case.

As to the first issue, plaintiff argues that an expert witness is not an agent of the party calling him, and therefore cannot make admissions against the calling party's interest. We agree. Thus, abandonment is irrelevant to the first issue. That is so because, if no agency exists, the expert could at no time make admissions binding on the party, and the question of abandonment does not arise.

Supreme Court Rule 212(a)(2) provides that a discovery deposition may be used "as an admission made by a party or by an officer *or agent* of a party in the same manner and to the same extent as any other admission made by that person." (Emphasis added.) (134 Ill. 2d R. 212(a)(2).) Thus, the issue becomes whether an expert witness is an agent of the party calling him.

We conclude that general principles of agency indicate that no agency relationship is created. The agency relationship is a consensual, fiduciary one between two legal entities, where the principal has the right to control the conduct of the agent and the agent has the power to affect the legal relations of the principal. (See *Gunther v. Commonwealth Edison Co.* (1984), 126 Ill. App. 3d 595, 598.) The determination of whether the relationship is employer/employee, principal/agent, or owner/independent contractor depends on a number of facts, including the manner of hiring, the right to discharge, the manner and direction

of the work of the parties, the right to terminate the relationship, and the character of the supervision of the work done. (*Jones v. Atteberry* (1979), 77 Ill. App. 3d 463, 468.) Principal among these considerations is the right to control the manner that the work is done. *Lewis v. Mount Greenwood Bank* (1980), 91 Ill. App. 3d 481, 487.

This court has in the past expressed the view that experts are not neutral, independent or disinterested people in relation to the cases in which they testify. (*Opp v. Pryor* (1920), 294 Ill. 538, 545 (an expert is a "hired partisan and his opinion is a response to a pecuniary stimulus"); *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, 407 (experts are hired partisans); *Trower v. Jones* (1988), 121 Ill. 2d 211, 216-19 (at a time where expert "locator" services can find an expert to advocate almost any position, expert witnesses have a financial interest at stake when they testify).) For all of that, we do not believe that the concept of agency necessarily follows. Rather, an expert witness is more accurately described as an independent contractor. Excepting for fraud, the employer can influence but cannot control the expert's thought processes. Thus, the control element, so crucial to agency, is at all times missing. Indeed, Rule 220(b) anticipates that the expert may independently change his mind, and articulates the steps required by the party retaining him to ensure fairness to that party's opponent.

Since we rule as a matter of law that an expert witness is not *per se* an agent of the party calling him, Supreme Court Rule 212(a)(2) does not authorize his statements to serve as admissions against the party's interest. We therefore agree with the appellate court that it was error to read into evidence the unfavorable testimony of Dr. Koman as an admission against interest.

The second issue is whether it was an abuse of

discretion for the trial court to give the missing-witness instruction. In general, the missing-witness instruction is available when: (1) the missing witness was under the control of the party to be charged and could have been produced by reasonable diligence; (2) the witness was not equally available to the opposing party; (3) a reasonably prudent person would have produced the witness if he believed that the testimony would be favorable; and (4) there is no reasonable excuse shown for the failure to produce the witness. (*Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 22.) Whether to use the instruction or to permit the argument is within the sound discretion of the trial court. *Schaffner*, 129 Ill. 2d at 22.

In this case, the trial court gave the missing-witness instruction. The arguments indicate that, of the factors to be considered by a court before such an instruction is given, only the existence of plaintiff's control over Dr. Koman is in dispute. Whether Dr. Koman was in plaintiff's control hinges on whether plaintiff successfully abandoned his expert.

That an expert witness may be abandoned is not disputed. The steps which must be taken to effect an abandonment, however, have not previously been addressed by this court. The only appellate court case which has addressed this issue is brief in its discussion of abandonment. (*Bargman v. Economics Laboratory, Inc.* (1989), 181 Ill. App. 3d 1023, 1027-28.) *Bargman* recognized a right to abandon an expert witness, but articulated the concern that the opposing party should be made fully aware, through clear notice, of such abandonment. Further, this notice should be given at a time where the opposing party is still capable of acting on that awareness to his benefit. We agree.

Also relevant is Supreme Court Rule 220 (134 Ill. 2d R. 220), which articulates the responsibilities imposed on parties who wish to call expert witnesses. This rule

requires that an expert be disclosed prior to trial. It also requires parties, upon request, to disclose the nature of their experts' opinions and to seasonally update this disclosure as new information becomes known.

The rule further provides that experts will not be allowed to testify in a manner inconsistent with their pretrial disclosures. The committee comments to this paragraph point out that "[t]he purpose of this rule is to permit litigants to ascertain and rely upon the opinions of experts retained by their adversaries." 134 Ill. 2d R. 220(d), Committee Comments, at 182.

The goal is that a party will be able to rely on his adversary's expressed intention to call the experts he discloses. Thus, a missing-witness instruction is appropriate if such an expert is *not* abandoned and is not called. Thus, we rule that a party may give notice of abandonment and avoid the missing-witness instruction. The notice must be given in reasonable time prior to trial.

In the instant case, the appellate court noted that "plaintiff did not intend to use Dr. Koman as an expert witness and so apprised defendant approximately 19 months prior to trial." (252 Ill. App. 3d at 854.) Our examination of the record does not disclose that. Rather, the record shows that whether plaintiff notified defendant of his intent to abandon Dr. Koman was disputed by the parties and was never resolved by the trial court since the court believed that once a party names his expert witnesses he is bound by those witnesses. Without resolving this question, the trial judge stated several times during the instruction conference that whether plaintiff actually abandoned Dr. Koman was irrelevant.

Regardless, a new trial is necessary. Accordingly, we affirm the judgment of the appellate court, which remanded this cause to the trial court.

*Affirmed.*