ROBERT SALINGUE *et al.*, Plaintiffs-Appellants, v. SHEILA OVERTURF, Defendant-Appellee.

Fifth District   No. 5—94—0311

Opinion filed March 9, 1995.

Bruce D. Irish, of Sam C. Mitchell & Associates, of West Frankfort, for appellants.

Walden E. Morris and Thomas J. Foster, both of Jelliffe, Ferrell & Morris, of Harrisburg, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Robert Salingue filed suit against Sheila Overturf for damages and injuries sustained when the parties' motor vehicles collided. During discovery, defense counsel utilized Supreme Court Rule 215 (134 Ill. 2d R. 215) and retained Dr. Herbert Rosenbaum to examine Robert and Esther Salingue. The Salingues then served a request to produce all of Dr. Rosenbaum's reports of examinations of any plaintiffs performed for any defendants for the past three years which were in the possession or control of defendant, defendant's counsel, or defendant's agents or employees, including Dr. Rosenbaum. Defense counsel acknowledged that Dr. Rosenbaum examined two plaintiffs at their request within the past three years. Defendant filed a motion for a protective order against the production of any reports and claimed that the reports contain confidential information about individuals that defense counsel is not authorized to reveal. The trial court granted a protective order and certified the following questions for our review:

(1) Whether defense counsel may be required to obtain from defendant's nontreating examining physician, under Supreme Court Rule 215, paragraphs (a) through (c), copies of other reports generated by the same doctor under similar circumstances in other cases, in the light of the holding in *Adams v. Industrial Comm'n* (1993), 245 Ill. App. 3d 459, 614 N.E.2d 533, that such an examining doctor may be treated for some purposes as an agent of the defendant.

(2) Whether defense counsel who is proposing to produce the evidence of a nontreating physician examining the plaintiff pursuant to Supreme Court Rule 215 may assert any privilege against the production of previous reports by the same nontreating examiner in other cases in which defense counsel was also counsel for the defendants.

■ ■ With regard to the first issue, the Salingues argue that Dr. Rosenbaum is an agent of the defense and, as such, defense counsel should produce the requested reports. In the recent case of *Taylor v. Kohli* (1994), 162 Ill. 2d 91, 642 N.E.2d 467, the supreme court held that an expert witness is not *per se* an agent of the party calling him. The determination of whether the relationship is principal/agent depends on a number of facts, including the manner of hiring, the right to discharge, the manner and direction of the work of the parties, the right to terminate the relationship, and the character of the supervision of the work done. (*Taylor*, 162 Ill. 2d at 95, 642 N.E.2d at 468.) Here, Dr. Rosenbaum is a Missouri medical practitioner. He does not practice law. Neither the defendants nor defense counsel is a medical doctor. Defendants and defense counsel were not present when Dr. Rosenbaum examined the plaintiffs. Moreover, there is nothing in the record to suggest that defense counsel had any control over Dr. Rosenbaum's examination or findings, other than the initial requirement that the examination be performed. Dr. Rosenbaum is not an agent of defense counsel; rather, he can be more accurately described as an independent contractor. (See *Taylor*, 162 Ill. 2d at 96, 642 N.E.2d at 469.) Because Dr. Rosenbaum is not an agent of the defendants or defense counsel, we reject plaintiffs' argument that defense counsel, as principal, must obtain copies of reports generated by its agent, Dr. Rosenbaum.

We now turn to the issue of whether defense counsel may assert any privilege against the production of reports that it has in its possession which Dr. Rosenbaum generated in other cases in which defense counsel participated. During the past three years Dr. Rosenbaum examined two individuals, Mr. Hobbs and Mr. Minton, at this defense counsel's request. The Salingues argue that defense counsel has no privilege against the production of those individuals' reports. Plaintiffs maintain that a physician-patient privilege was not created when Dr. Rosenbaum examined Hobbs and Minton because those plaintiffs were examined by a defendant's doctor retained by defendant to prepare a report in the course of litigation. Plaintiffs also argue that there is no attorney-client privilege because defense counsel obtained the doctor's reports on Hobbs and Minton not from Hobbs and Minton, but from a doctor who examined them on behalf of their adversary.

Defendants argue that Hobbs and Minton are not parties in this case, and therefore their medical condition is not discoverable. Defense counsel expresses its concern that because Hobbs and Minton have not consented to the release of information concerning their medical condition, releasing such information without their consent could result in a claim against defendants and defendants' counsel.

■ In *Moore v. Centreville Township Hospital* (1993), 246 Ill. App. 3d 579, 616 N.E.2d 1321, *rev'd on other grounds* (1994), 158 Ill. 2d 543, 634 N.E.2d 1102, this court addressed the issue of whether reports prepared by an expert witness—who examined the plaintiffs under Supreme Court Rule 215—are protected by the physician-patient privilege. Although the plaintiff had in that case already obtained the reports on other litigants, and the issue on appeal concerned the admissibility of the reports rather than the means of their discovery, *Moore*'s holding that no physician-patient privilege existed is applicable to the case at bar.

The physician-patient privilege is a creature of statute:

> "No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient, except only \*\*\* in all actions brought by or against the patient \*\*\*." (735 ILCS 5/8—802 (West 1992).)

The relationship between Dr. Rosenbaum and each of the plaintiff "patient" reports sought in this case was created by litigation, as were those in *Moore*. (See *Moore*, 246 Ill. App. 3d at 587, 616 N.E.2d at 1327.) As stated in *Sarka v. Rush-Presbyterian-St. Luke's Medical Center* (1990), 207 Ill. App. 3d 587, 566 N.E.2d 301, a Rule 215 examination is legal, not medical, in nature. By definition, it is neither based on any benefit to be derived by the plaintiff nor contingent upon plaintiff's consent. The plaintiff is required to travel to the doctor's office and to submit to an examination because of a court order. The plaintiff knows that the doctor has been selected by his or her opponent and that all findings from the examination, and *all statements made by the plaintiff*, will be revealed to the opponent. Therefore, one of the elements of the privilege, that the communication will be kept confidential, is absent from Rule 215 examinations. (See E. Cleary, McCormick on Evidence § 102, at 218 (2d ed. 1972) (the rule which excludes disclosures to physicians encourages free disclosure in the sickroom by preventing disclosure in the courtroom).) We conclude that the physician-patient privilege does not apply to reports obtained by defense counsel under the provisions of Supreme Court Rule 215.

■ Even though we have concluded that the physician-patient privilege does not protect the contents of the reports in the possession of defense counsel, we are still reluctant to require their disclosure. When plaintiffs submit themselves to a doctor's examination, they do so only because a court has ordered them to do so. The court ordered the examination because the plaintiffs placed their physical condition in issue by filing the lawsuit and the defendant in

that case is entitled to a physical examination in order to properly defend the case. However, neither the parties nor the court contemplated that the reports of such examinations would be transferred freely among people not involved in the controversy.

We are aware that the contents of such reports may be testified about in courtrooms, may become a part of the public record, and may even be reported in newspapers. All such disclosures, however, are a part of the process of either discovery or trial in those plaintiffs' cases. They are not a part of the discovery or trial in some other person's case.

Plaintiff contends that the reports contain material relevant to their case, and that may be true (see *Moore*, 246 Ill. App. 3d 579, 616 N.E.2d 1321). Defense counsel responds that they have furnished plaintiff with the case captions, locations, and names of plaintiffs' counsel of both Hobbs and Minton. Plaintiffs argue that they should not be required to go to either the court or counsel for Hobbs and Minton to obtain the reports. We disagree.

We conclude that the preferred procedure in such cases is for plaintiff's counsel to contact other plaintiffs' counsel in an attempt to secure copies of the desired reports. In this way, the concerns expressed in *Moore* by both the majority and the dissent can be minimized. We see no need to require defense counsel to produce reports when an alternate means of obtaining the same information is readily available. See *Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952.

Therefore, we conclude that the trial court properly entered a protective order.

In light of the foregoing, the decision of the circuit court of Franklin County is affirmed.

Affirmed.

LEWIS and WELCH, JJ., concur.