KRAFT GENERAL FOODS, f/k/a Nabisco Brand Foods, Inc., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Rocco Gianvecchio, Appellee).

Second District    No. 2—96—0926WC

Opinion filed April 10, 1997.

Matthew B. Schiff and Linda Cecchin Kramer, both of Schiff & Hulbert and James W. Hulbert, both of Chicago, for appellant.

Kim Edward Presbrey, of Presbrey & Associates, of Aurora, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Claimant, Rocco Gianvecchio, filed two applications for adjustment of claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1994)) for injuries he sustained on Feb-

ruary 1, 1992, and June 6, 1992, while working for Kraft General Foods (employer). The cases were consolidated for hearing.

As to the February 1, 1992, incident, the arbitrator found claimant suffered an injury to his right shoulder but awarded no permanency. This decision was not appealed.

As to the June 6, 1992, incident, the arbitrator found claimant suffered an accident on that date and his condition of ill-being was causally connected to it. He awarded claimant 5% loss of use of the left arm and 25% loss of use of the right arm. The Industrial Commission (the Commission) adopted and affirmed. On administrative review, the circuit court of Kendall County confirmed. Employer appeals only the right-arm award, contending that the Commission's decision is against the manifest weight of the evidence. Employer also argues that the Commission erred with respect to the opinion of claimant's expert, Dr. Coe. Although employer presents three separate issues in this regard, the issues are interrelated. According to employer, Dr. Coe's opinion is not inconsistent and is the sole medical opinion on causation. Therefore, because Dr. Coe is claimant's doctor, the opinion is binding on claimant. We disagree and affirm.

## STATEMENT OF FACTS

Claimant was a mechanic for employer. At the time of his accidents, he had worked for employer for 25 years and was 56 years old.

He testified that on February 1, 1992, while changing lines, he lifted a tube and strained his right shoulder. He received conservative treatment at the Copley Urgent Care Center. After this incident, he continued to work full-time and overtime.

On June 6, 1992, claimant was working on a ladder. He slipped and fell backwards onto the line. He stated that the landing jarred his whole body and his shoulders began to hurt. The following Monday he received treatment at Copley. He was referred to Dr. Reilly, an orthopedic specialist. After receiving treatment from Dr. Reilly, he underwent surgery on his right shoulder. Claimant lost little, if any, time from work following the second accident up to the time of his surgery.

The records of Dr. Reilly were admitted into evidence. He first saw claimant on July 20, 1992. At this time, the only complaints and diagnosis in the record concerned claimant's left shoulder. He again saw claimant on August 17, 1992, at which time claimant complained of problems with both shoulders. Dr. Reilly's notes of October 27, 1992, stated that claimant again complained of pain in his right shoulder. Dr. Reilly recommended an MRI of the right shoulder based

on claimant's "persistent complaints being this long a period of time." Although claimant received treatment subsequent to the second accident, Dr. Reilly's records are not clear as to what treatment was rendered to the left shoulder and what to the right shoulder.

On November 13, 1992, an MRI showed a small tear in the right rotator cuff. Dr. Reilly recommended surgical intervention. On January 26, 1993, due to persistent complaints of pain, claimant elected to proceed with surgery. The surgery was performed on March 31, 1993, at which time Dr. Reilly repaired the rotator cuff and performed a Mumford procedure. Claimant continued to see Dr. Reilly for follow-up care. On July 1, 1993, Dr. Reilly released claimant to return to light duty work. Claimant returned to work on July 23, 1992, when light duty was available. On October 5, 1993, Dr. Reilly released claimant to full duties.

At claimant's attorney's request, Dr. Coe examined claimant. In a letter dated May 12, 1994, he outlined both of claimant's accidents and treatment subsequent thereto. He noted that, in the second accident, claimant felt pain in both shoulders, although more in his left than his right. He further noted that Dr. Reilly's records indicated that on August 17, 1992, claimant complained of pain in both shoulders and that on October 27, 1992, he complained of marked pain in his right shoulder. In the "Case Summary" section of his letter, Dr. Coe attributed the right-shoulder injury to the February 1, 1992, accident. He attributed the left-shoulder injury to the June 6, 1992, accident. In the "Conclusion" section, he simply stated that claimant's conditions of ill-being were causally related to injuries he sustained on February 1 and June 6, 1992.

At employer's request, Dr. Freedberg examined claimant on September 27, 1993. Dr. Freedberg was not provided with most of claimant's medical records and he did not render an opinion on causation.

The arbitrator found claimant suffered an accident on June 6, 1992, and that his current condition of ill-being to both shoulders was causally connected to that accident. In rendering his decision, he stated that plaintiff's testimony and the exhibits offered were unrebutted. The Commission adopted and affirmed the arbitrator's decision.

The circuit court first determined that expert medical opinion was required to establish causal connection. The trial judge then found that Dr. Coe's opinion was suspect for two reasons. First, he based his opinion on the fact claimant apparently told him he had experienced persistent pain in his right shoulder since the first accident and claimant did not testify to this at trial. Second, Dr. Coe's

basis for his opinion did not support the opinion set out in his summary, particularly since he failed to distinguish the causes and accidents separately. Based on this, the circuit court determined that the Commission could find a conflict within Dr. Coe's opinion and, therefore, a need to resolve the conflict.

## ANALYSIS

### A. DR. COE'S OPINION

■ Employer first argues that there is no conflict in Dr. Coe's opinion. Rather, it asserts that Dr. Coe's letter clearly sets out his opinion that the right-shoulder condition was due to the February 1, 1992, accident and then in conclusion combined the two incidents and causation to form one succinct summary.

It is undisputed that the only opinion as to causation was Dr. Coe's opinion. However, contrary to employer's argument, we find that the Commission could have found Dr. Coe's opinion inconsistent.

Dr. Coe wrote a seven-page letter detailing claimant's history, complaints, treatment, and the results of his examination and testing. In the "Case Summary" section, Dr. Coe wrote:

"[Claimant] suffered an injury to his right shoulder while lifting at work on February 1, 1992. This injury aggravated pre-existent, degenerative change at the acromioclavicular joint and also resulted in a right shoulder rotator cuff tear. On June 6, 1992 he suffered a contusion of the left shoulder that was associated with the development of a left shoulder impingement syndrome. Conservative therapy was undertaken with limited symptomatic improvement. Operative intervention was ultimately required with open surgery to the right for subacromial decompression and right rotator cuff repair."

In conclusion, Dr. Coe stated:

"Based on the findings of this examination, it is my opinion that there is a causal relationship between the injuries suffered by [claimant] at work *** on February 1, 1992 and June 6, 1992 and his current symptoms and state of impairment."

In the first-quoted section, Dr. Coe states that the right-shoulder injury occurred in February and that the left-shoulder injury occurred in June. He then discusses treatment but attributed the treatment to neither shoulder. Finally, he addresses the surgery that indisputably related to the right shoulder. Taking this section in isolation, it would appear that Dr. Coe initially attributed the right-shoulder injury to the February incident. However, Dr. Coe then presents his conclusion in which he states that claimant's state of disablement, without differentiation, was due to both accidents.

Viewing both sections *in toto*, it is unclear whether Dr. Coe attributed the right-shoulder condition solely to the February accident or whether he opined that both accidents contributed to the condition. Thus, while Dr. Coe's opinion was the only opinion on causation, it is ambiguous and an inference could be drawn either way. It is the Commission's duty to resolve conflicts. It did so in this case by finding that Dr. Coe opined a causal connection between the right-shoulder condition and the accident in June. Based on Dr. Coe's letter, coupled with claimant's testimony, we cannot say that the Commission erred in drawing this conclusion.

■ Employer next argues that Dr. Coe's opinion is binding on claimant as an admission against interest. It cites to *Nollau Nurseries, Inc. v. Industrial Comm'n*, 32 Ill. 2d 190 (1965), and *Clark v. Industrial Comm'n*, 276 Ill. App. 3d 429 (1995).

While it is true that *Nollau Nurseries, Inc.*, and its progeny (see *Keystone Steel & Wire Co. v. Industrial Comm'n*, 42 Ill. 2d 273 (1969); *Walden v. Industrial Comm'n*, 93 Ill. 2d 527 (1983); *Tee-Pak, Inc. v. Industrial Comm'n*, 141 Ill. App. 3d 520 (1986); *Kress Corp. v. Industrial Comm'n*, 190 Ill. App. 3d 72 (1989); *Adams v. Industrial Comm'n*, 245 Ill. App. 3d 459 (1993)) hold that a doctor hired by a party was that party's agent and his or her statements or opinions were admissions against interest of that party, the issue in each of these cases was the *admissibility* of the statements as exceptions to the hearsay rule. None of these cases discuss any binding nature of the statements. For this reason alone, the cases are inapplicable to the instant situation where Dr. Coe's opinion was admitted without objection.

We further note that in *Taylor v. Kohli*, 162 Ill. 2d 91 (1994), the Illinois Supreme Court held that, as a matter of law, an expert witness is not *per se* an agent of the party who hired him or her and, therefore, the witness' statements are not admissible as admissions against interest of that party. *Taylor*, 162 Ill. 2d at 96. In reaching this decision, the court noted that the courts must look to the traditional indices of an agency relationship in order to ascertain when one exists. Key to this determination is the right to control the manner in which the work is undertaken. *Taylor*, 162 Ill. 2d at 95-96. The court expressed that in circumstances such as those before it, the essential element of control is lacking and, therefore, concluded that no agency relationship exists between a party who hires an expert and that expert: "the employer can influence but cannot control the expert's thought processes. Thus, the control element, so crucial to agency, is at all times missing." *Taylor*, 162 Ill. 2d at 96. Although *Taylor* involved a medical malpractice action, the agency

principles and reasoning would apply to the workers' compensation setting as well.

Finally, we note that because we have found that Dr. Coe's opinion is inconsistent, employer's contention must fail in any event.

For all of these reasons, we reject employer's argument that Dr. Coe's opinion is a binding statement against interest.

■ Employer's final argument concerning Dr. Coe is that the Commission cannot discredit his testimony since it is the sole medical opinion as to causation and must therefore be accepted. It relies on *Teska v. Industrial Comm'n*, 266 Ill. App. 3d 740 (1994), *Dean v. Industrial Comm'n*, 143 Ill. App. 3d 339 (1986), and *Phillips v. Industrial Comm'n*, 187 Ill. App. 3d 704 (1989).

In *Sorenson v. Industrial Comm'n*, 281 Ill. App. 3d 373, 383-84 (1996), we directly addressed this argument and rejected it, disagreeing with statements made by the majority in *Dean* to the contrary and agreeing with the dissent. In particular, we found persuasive the statement that if the Commission was bound by the sole medical testimony, it " 'would be forced to find that the earth is flat if such testimony were presented.' " *Sorenson*, 281 Ill. App. 3d at 384, quoting *Dean*, 143 Ill. App. 3d at 346 (Webber, P.J., dissenting). Again, we reiterate that the sole medical opinion may not be arbitrarily rejected. However, it is not binding on the Commission simply by virtue of the fact it is the sole medical opinion.

Further, although Dr. Coe's opinion was the only opinion on causation, it is inconsistent and therefore does not state only one theory of causation as employer contends.

For the foregoing reasons, we conclude that Dr. Coe's opinion was inconsistent, and for this reason, *inter alia*, it was not the "sole" medical opinion and was not binding on claimant as an admission against interest.

## B. MANIFEST WEIGHT

■ Contrary to employer's contention, we conclude that the evidence present in the record was sufficient to support the Commission's decision. Claimant testified that he hurt both shoulders in the second accident. He felt immediate pain in the right shoulder. Although on the first visit to Dr. Reilly he complained of only left-shoulder problems, by the second visit and subsequent thereto he complained of persistent pain and problems with the right shoulder. There is no evidence when claimant last treated for his right shoulder prior to the second accident or whether he was suffering from problems with it immediately prior to the second accident. However, claimant worked up to the second accident and there is nothing in

the record to show he suffered from problems with his right shoulder. Taking this evidence together with Dr. Coe's opinion, the Commission could infer and find a causal connection between claimant's right-shoulder condition and the accident of June 6, 1992. Accordingly, we find its decision is not against the manifest weight of the evidence.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court of Kendall County.

Affirmed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RARICK, JJ., concur.