Industrial Commission Division

2-96-0926WC 

KRAFT GENERAL FOODS, formerly known as   )  Appeal from the

NABISCO BRAND FOODS, INC.,               )  Circuit Court of

                                         )  Kendall County.

     Appellant,                          )  

                                        )

     v.                                  )  

                                         )

THE INDUSTRIAL COMMISSION et al.         )  Honorable

                                         )  Grant S. Wegner,

     (Rocco Gianvecchio, Appellee).      )  Judge Presiding.

     JUSTICE RAKOWSKI delivered the opinion of the court:

     Claimant, Rocco Gianvecchio, filed two applications for

adjustment of claim pursuant to the Workers' Compensation Act

(the Act) (820 ILCS 305/1 et seq. (West 1994)) for injuries he

sustained on February 1, 1992, and June 6, 1992, while working

for Kraft General Foods (employer).  The cases were consolidated

for hearing.  

     As to the February 1, 1992, incident, the arbitrator found

claimant suffered an injury to his right shoulder but awarded no

permanency.  This decision was not appealed.  

     As to the June 6, 1992, incident, the arbitrator found

claimant suffered an accident on that date and his condition of

ill-being was causally connected to it.  He awarded claimant 5%

loss of use of the left arm and 25% loss of use of the right arm. 

The Industrial Commission (the Commission) adopted and affirmed. 

On administrative review, the circuit court of Kendall County

confirmed.  Employer appeals only the right arm award, contending

that the Commission's decision is against the manifest weight of

the evidence.  Employer also argues that the Commission erred

with respect to the opinion of claimant's expert, Dr. Coe. 

Although employer presents three separate issues in this regard,

the issues are interrelated.  According to employer, Dr. Coe's

opinion is not inconsistent, and is the sole medical opinion on

causation.  Therefore, because Dr. Coe is claimant's doctor, the

opinion is binding on claimant.  We disagree and affirm.

                            STATEMENT OF FACTS

     Claimant was a mechanic for employer.  At the time of his

accidents, he had worked for employer for 25 years and was 56

years old.

     He testified that on February 1, 1992, while changing lines,

he lifted a tube and strained his right shoulder.  He received

conservative treatment at the Copley Urgent Care Center.  After

this incident, he continued to work full-time and overtime.

     On June 6, 1992, claimant was working on a ladder.  He

slipped and fell backwards onto the line.  He stated that the

landing jarred his whole body and his shoulders began to hurt. 

The following Monday he received treatment at Copley.  He was

referred to Dr. Reilly, an orthopedic specialist.  After

receiving treatment from Dr. Reilly, he underwent surgery on his

right shoulder.  Claimant lost little, if any, time from work

following the second accident up to the time of his surgery.

     The records of Dr. Reilly were admitted into evidence.  He

first saw claimant on July 20, 1992.  At this time, the only

complaints and diagnosis in the record concerned claimant's left

shoulder.  He again saw claimant on August 17, 1992, at which

time claimant complained of problems with both shoulders.  Dr.

Reilly's notes of October 27, 1992, stated that claimant again

complained of pain in his right shoulder.  Dr. Reilly recommended

a MRI of the right shoulder based on claimant's "persistent

complaints being this long a period of time."  Although claimant

received treatment subsequent to the second accident, Dr.

Reilly's records are not clear as to what treatment was rendered

to the left shoulder and what to the right shoulder.

     On November 13, 1992, a MRI showed a small tear in the right

rotator cuff.  Dr. Reilly recommended surgical intervention.  On

January 26, 1993, due to persistent complaints of pain, claimant

elected to proceed with surgery.  The surgery was performed on

March 31, 1993, at which time, Dr. Reilly repaired the rotator

cuff and performed a Mumford procedure.  Claimant continued to

see Dr. Reilly for follow-up care.  On July 1, 1993, Dr. Reilly

released claimant to return to light duty work.  Claimant

returned to work on July 23, 1992, when light duty was available. 

On October 5, 1993, Dr. Reilly released claimant to full duties.

     At claimant's attorney's request, Dr. Coe examined claimant. 

In a letter dated May 12, 1994, he outlined both of claimant's

accidents and treatment subsequent thereto.  He noted that in the

second accident, claimant felt pain in both shoulders, although

more in his left than his right.  He further noted that Dr.

Reilly's records indicated that on August 17, 1992, claimant

complained of pain in both shoulders and that on October 27,

1992, he complained of marked pain in his right shoulder.  In the

"Case Summary" section of his letter, Dr. Coe attributed the

right shoulder injury to the February 1, 1992, accident.  He

attributed the left shoulder injury to the June 6, 1992,

accident.  In the "Conclusion" section, he simply stated that

claimant's conditions of ill-being were causally related to

injuries he sustained on February 1, and June 6, 1992.

     At employer's request, Dr. Freedberg examined claimant on

September 27, 1993.  Dr. Freedberg was not provided with most of

claimant's medical records and he did not render an opinion on

causation.  

     The arbitrator found claimant suffered an accident on June

6, 1992, and that his current condition of ill-being to both

shoulders was causally connected to that accident.  In rendering

his decision, he stated that plaintiff's testimony and the

exhibits offered were unrebutted.  The Commission adopted and

affirmed the arbitrator's decision.

     The circuit court first determined that expert medical

opinion was required to establish causal connection.  The trial

judge then found that Dr. Coe's opinion was suspect for two

reasons.  First, he based his opinion on the fact claimant

apparently told him he had experienced persistent pain in his

right shoulder since the first accident and claimant did not

testify to this at trial.  Second, Dr. Coe's basis for his

opinion did not support the opinion set out in his summary,

particularly since he failed to distinguish the causes and

accidents separately.  Based on this, the circuit court

determined that the Commission could find a conflict within Dr.

Coe's opinion and therefore, a need to resolve the conflict.  

                                 ANALYSIS

                           A.  DR. COE'S OPINION

     Employer first argues that there is no conflict in Dr. Coe's

opinion.  Rather, it asserts that Dr. Coe's letter clearly sets

out his opinion that the right shoulder condition was due to the

February 1, 1992, accident and then in conclusion combined the

two incidents and causation to form one succinct summary.

     It is undisputed that the only opinion as to causation was

Dr. Coe's opinion.  However, contrary to employer's argument, we

find that the Commission could have found Dr. Coe's opinion

inconsistent.

     Dr. Coe wrote a seven page letter detailing claimant's

history, complaints, treatment, and the results of his

examination and testing.  In the "Case Summary" section, Dr. Coe

wrote:

          "[Claimant] suffered an injury to his right

          shoulder while lifting at work on February 1,

          1992.  This injury aggravated pre-existent,

          degenerative change at the acromioclavicular

          joint and also resulted in a right shoulder

          rotator cuff tear.  On June 6, 1992 he

          suffered a contusion of the left shoulder

          that was associated with the development of a

          left shoulder impingement syndrome. 

          Conservative therapy was undertaken with

          limited symptomatic improvement.  Operative

          intervention was ultimately required with

          open surgery to the right for subacromial

          decompression and right rotator cuff repair."

In conclusion, Dr. Coe stated:

          "Based on the findings of this examination,

          it is my opinion that there is a causal

          relationship between the injuries suffered by

          [claimant] at work *** on February 1, 1992

          and June 6, 1992 and his current symptoms and

          state of impairment."  

     In the first-quoted section, Dr. Coe states that the right

shoulder injury occurred in February and that the left shoulder

injury occurred in June.  He then discusses treatment but

attributed the treatment to neither shoulder.  Finally, he

addresses the surgery that indisputably related to the right

shoulder.  Taking this section in isolation, it would appear that

Dr. Coe initially attributed the right shoulder injury to the

February incident.  However, Dr. Coe then presents his conclusion

in which he states that claimant's state of disablement, without

differentiation, were due to both accidents.

     Viewing both sections in toto, it is unclear whether Dr.

Coe's attributed the right shoulder condition solely to the

February accident or whether he opined that both accidents

contributed to the condition.  Thus, while Dr. Coe's opinion was

the only opinion on causation, it is ambiguous and an inference

could be drawn either way.  It is the Commission's duty to

resolve conflicts.  It did so in this case by finding that Dr.

Coe opined a causal connection between the right shoulder

condition and the accident in June.  Based on Dr. Coe's letter

coupled with claimant's testimony, we cannot say that the

Commission erred in drawing this conclusion.

     Employer next argues that Dr. Coe's opinion is binding on

claimant as an admission against interest.   It cites to Nollau

Nurseries, Inc. v. Industrial Comm'n, 32 Ill. 2d 190 (1965), and

Clark v. Industrial Comm'n, 276 Ill. App. 3d 429 (1995).  

     While it is true that Nollau Nurseries, Inc. and its progeny

(see Keystone Steel & Wire Co. v. Industrial Comm'n, 42 Ill. 2d

273 (1969); Walden v. Industrial Comm'n, 93 Ill. 2d 527 (1983);

Tee-Pak, Inc. v. Industrial Comm'n, 141 Ill. App. 3d 520 (1986);

Kress Corp. v. Industrial Comm'n, 190 Ill. App. 3d 72 (1989);

Adams v. Industrial Comm'n, 245 Ill. App. 3d 459 (1993)) hold

that a doctor hired by a party was that party's agent and his or

her statements or opinions were admissions against interest of

that party, the issue in each of these cases was the

admissibility of the statements as exceptions to the hearsay

rule.  None of these cases discuss any binding nature of the

statements.  For this reason alone, the cases are inapplicable to

the instant situation where Dr. Coe's opinion was admitted

without objection.  

     We further note that in Taylor v. Kohli, 162 Ill. 2d 91

(1994), the Illinois Supreme Court held that, as a matter of law,

an expert witness is not per se an agent of the party who hired

him or her and therefore, the witness' statements are not

admissible as admissions against interest of that party.  Taylor,

162 Ill. 2d at 96.  In reaching this decision, the court noted

that the courts must look to the traditional indices of an agency

relationship in order to ascertain when one exists.  Key to this

determination is the right to control the manner in which the

work is undertaken.  Taylor, 162 Ill. 2d at 95-96.  The court

expressed that in circumstances such as that before it, the

essential element of control is lacking and therefore, concluded

that no agency relationship existed between a party who hires an

expert and that expert: "the employer can influence but cannot

control the expert's thought processes.  Thus, the control

element, so crucial to agency, is at all times missing."  Taylor,

162 Ill. 2d at 96.  Although Taylor involved a medical

malpractice action, the agency principles and reasoning would

apply to the workers' compensation setting as well.  

     Finally, we note that because we have found that Dr. Coe's

opinion is inconsistent, employer's contention must fail in any

event.

     For all of these reasons, we reject employer's argument that

Dr. Coe's opinion is a binding statement against interest.

     Employer's final argument concerning Dr. Coe is that the

Commission cannot discredit his testimony since it is the sole

medical opinion as to causation and must therefore be accepted. 

It relies on Teska v. Industrial Comm'n, 266 Ill. App. 3d 740

(1994), Dean v. Industrial Comm'n, 143 Ill. App. 3d 339 (1986),

and Phillips v. Industrial Comm'n, 187 Ill. App. 3d 704 (1989).

     In Sorenson v. Industrial Comm'n, 281 Ill. App. 3d 373, 383-

84 (1996), we directly addressed this argument and rejected it

disagreeing with statements made by the majority in Dean to the

contrary and agreeing with the dissent.  In particular, we found

persuasive the statement that if the Commission was bound by the

sole medical testimony it "would be forced to find that the earth

is flat if such testimony were presented."  Soren